BLOOMINGTON MINING COMPANY v. ISAAC H. SEARLES ET AL.

Submitted December 5, 1898—Decided February 27, 1899.

The defendants gave to plaintiff a guarantee that if the latter would sell to the H. C. Co. coal to an amount not exceeding in value $900 they would be responsible for the coal so sold to the amount specified. *Held*, that a sale of coal made by the plaintiff to the H. C. Co. to an amount exceeding in value the stipulated sum discharged the defendants from liability on their guarantee.

---

On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the demurrant, *Frederic W. Ward.*

*Contra, Vail & Ward.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff sues to recover from the defendants a sum of money due upon sales of coal made to the Harrison Coal Company by the plaintiff, the alleged liability of the defendants being grounded upon a contract of guarantee.

The facts set out in the declaration, to show the existence of this liability, are, in substance, that the defendants in consideration that the plaintiff would sell to the Harrison Coal Company coal to an amount not exceeding in value the sum of $900, promised the plaintiff, in writing, to become responsible for coal so purchased by the coal company to the said amount; that the plaintiff, relying upon said guarantee, sold coal to the coal company to the amount of $30,299 ; that of this amount $2,664 remains unpaid by the coal company ; that the plaintiff has called upon the defendants to pay to it the sum of $900 on account of said unpaid balance, but that the defendants refuse to comply with its request.

No liability on the part of the defendants, by reason of their guarantee, is disclosed by these facts.   They only became bound, under their contract, provided the plaintiff sold to the coal company "coal to an amount not exceeding in value $900."   These words are restrictive ; they were intended as a limitation upon the quantity of sales to be made on the credit of the defendants, and the plaintiff lost the benefit of the guarantee by making sales in excess of the stipulated amount.

In order that the effect of this decision may not be misunderstood by the parties, we deem it proper to state that it is based entirely upon the wording of the guarantee as recited in the declaration ; we have not examined the copy of that instrument which is annexed to the declaration, it being no part of that pleading.   It may be that the terms of the guarantee have not been set out with accuracy by the pleader, and that an amendment of the declaration will be necessary before the rights of the parties can be judicially determined.

As the pleadings now stand, the defendant is entitled to judgment on the demurrer.