108  333
f108 358

108    333
136     88

OSCAR THILMANY, Appellant, v. THE IOWA PAPER BAG COMPANY and IOWA NATIONAL BANK, Appellees.

**National Banks:** CONTRACTS OF GUARANTY: *Ultra vires.* Under revised statute United States section 5136, authorizing national banks to exercise all powers necessary to carry on the business of banking, where a bank directs a letter to a person, stating that it will guaranty fulfillment of the obligations of another person to the former for a certain amount of goods for a certain time, and it does not appear that the second person purchased the letter or deposited any security therefor, or that the bank had any interest in the transaction, the letter, considered either as a guaranty or letter of credit, is void, and the bank is not liable thereon.

SAME. A national bank is not authorized to guaranty the fulfillment of the obligation of another unless such guaranty is made in connection with the transfer of a chose in action or other property belonging to the bank.

*Appeal from Wapello District Court.*—HON. F. W. EICHEL-
BERGER, Judge.

FRIDAY, MAY 12, 1899.

ACTION at law to recover the contract price of a car load
of bag paper sold and delivered to the Iowa Paper-Bag Com-
pany, and which it is claimed the Iowa Nationl Bank guar-
anteed.   The paper-bag company made default and the
issue was between plaintiff and the bank.   The bank alleged
that the guaranty was without consideration, *ultra vires,* and
void.   The case was tried to a jury, and at the conclusion
of the evidence the trial court directed a verdict for the
bank, and plaintiff appeals.—*Affirmed.*

*Seneca Cornell* for appellant.

*McNett & Tisdale* for appellee.

DEEMER, J.—Plaintiff is a manufacturer of paper,
doing business at Kaukauna, Wis.; and the defendant, the
Iowa Paper-Bag Company, is a manufacturer of paper bags,
doing business at the city of Ottumwa, in this state.   In
the year 1894 the paper-bag company, desirous of purchasing
paper of plaintiff, secured from the vice president of defend-
ant bank the following guaranty: "Edwin Manning, Prest.
Wm. Daggett, Vice Prest.   Calvin Manning, Cashier.   W. R.
Daggett, Asst. Cashier.   No. 1,726.   Iowa National Bank.
Capital Stock, $200,000.00.   Ottumwa, Iowa, December 8,
1894.   Thilmany Pulp and Paper Company, Kaukauna,
Wis.—Dear Sirs:   The Iowa Paper-Bag Company, of this
city, desire to establish business relations with you, and
request us to write you.   We will guaranty the fulfillment of
their obligations to you, to the extent of the cost of a car load
of bag paper, for the next twelve months.   They are doing a
good and safe business, and changed from an Ohio paper mill
to your mill at our request.   We hope you will give them all

advantage possible, as their competition comes from Ohio bag factories, and is sharp in this district; looking, doubtless, to driving this bag company out of the Southern Iowa market. Yours, etc., Iowa National·Bank, by Wm. Daggett, V. P." This letter was inclosed with an order for a car of paper, in a letter addressed to the plaintiff; and plaintiff thereupon shipped a car of paper to the bag company. The purchase price for this car was promptly paid, and thereafter plaintiff shipped five other cars, all of which were paid for, except the last car. This action is to recover for the last car, from the bag company on its order and from the bank on the letter of credit above set out. When plaintiff offered the letter in evidence, it was objected to by the bank on. the following grounds: "Incompetent, immaterial, and because the national bank has no authority· or power to guaranty the payment of comercial bills, or to bind itself by a guaranty such as [the letter referred to]." This objection was sustained, and the ruling is assigned as error.

Counsel concede that the controlling question in the case is whether or not a national bank has power to issue such a letter of credit or of guaranty as the one offered in evidence. National banks are creatures of the general government, and their powers are enumerated as follows: A national bank can "exercise by its board of directors or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange and other evidences of debt; by receiving deposits; by buying and selling exchange, coin and bullion; by loaning money on personal security; and by obtaining, issuing and circulating notes." Revised Statutes of U. S., section 5136. This act expressly confers on such banks all incidental· powers necessary to carry on the banking business. "These powers," as said by the supreme court of the United States in *Bank v. Armstrong,* 152 U. S. 351, 38 L. Co. Ed. 470 (14 Sup. Ct. Rep. 574), "are such as are required to meet all the legiti-

mate demands of the authorized business, and to enable a bank to conduct its affairs, within the scope of its charter, safely and prudently. This necessarily implies the right of a bank to incur liabilities in the regular course of its business, as well as to become the creditor of others." The statute we have quoted does not give national banks express authority to issue letters of credit or to make instruments of guaranty. Neither does it expressly authorize the indorsement of notes or bills of exchange. But, as indorsement is often necessary to the transfer of negotiable instruments, it is clearly within the power of such banks to make this kind of contract. And so it has been held that, as a guaranty is a less onerous and stringent contract than that created by an indorsement "waiving demand and notice," such a contract is also good when made with reference to the transfer of notes in which the bank has an interest. *People's Bank v. Manufacturers' Nat. Bank,* 101 U. S. 181 . When either contract has relation to a transaction in which the bank has a pecuniary interest, as where made to transfer or negotiate choses in action, or negotiable instruments which it owns or in which it has an interest, there is no longer room for doubt as to the validity of the transaction. But a guaranty of a note or bill or of an account as of a mere loan of credit to another, disconnected with any transfer of title or ownership of the paper or account guarantied, may well be doubted. Indeed, we think there is a manifest distinction between the right of a bank to guaranty choses in action belonging to it and its right to guaranty those belonging to another. It has been squarely held by the supreme court of the United States that a cashier has no power to indorse accommodation paper so as to bind the bank. *West St. Louis Sav. Bank v. Shawnee County Bank,* 95 U. S. 557. The supreme court of Michigan has also held that a cashier has no authority to accept bills of exchange for the accommodation merely of the drawers, and that there can be no recovery thereon by one having knowledge. *Farmers & M. Bank v. Troy City Bank,* 1 Doug. 457,

But, as not all contracts of guaranty or letters of credit are void, resort must be had to the instrument itself, and, it may be, to evidence *aliunde,* to determine the effect of the particular instrument in question. Letters of credit are of two kinds. When purchased by the person desiring credit, or procured by the use of checks or other securities lodged with the person who grants it, it is, in effect, a bill of exchange; and as it is based on a consideration passing directly to the bank that issues it, and has gained recognition in the commercial world, it is a valid and binding contract, and may be entered into by national banks. Daniel Negotiable Instruments, section 1794. When the letter is not purchased, but is purely an accommodation, or simply a guaranty of the payment of an account to be created in the future, it is not binding on a national bank, for such an institution has no power to thus jeopardize its capital. Such transactions are not necessary to the exercise of powers granted to national banks, and are therefore without their charter powers, and invalid. The controlling question in the case is, to which class of contracts does the one in suit belong? We are of the opinion that the letter, on its face, shows it belongs to the latter class. There is nothing on the face of the instrument to indicate that the paper-bag company purchased the letter, or that it had deposited any money or collaterals to secure the same. It is simply a promise to guaranty the fulfillment of an obligation of the bag company. True, when accepted by the plaintiff, a consideration is presumed, and need not ordinarily be alleged or proven. But this consideration may have been simply the disadvantage to the seller, or the benefit conferred upon the purchaser. There is no presumption that the paper-bag company gave anything for the letter, or that anything was withheld from it on account of the issuance thereof. The case does not differ materially from one where a member of a firm has signed the name of his partnership to a note as surety. In such case the holder cannot recover without showing that all the mem-

bers of the firm assented. *Bank v. Law,* 127 Mass. 72; *National Park Bank v. German-American Mutual Warehousing & Security Co.,* 116 N. Y. App. 281 (22 N. E. Rep. 567); *Bank v. McDonald,* 127 Mass. 82. As the instrument in suit clearly shows on its face that it is simply a contract of guaranty, there can be no recovery without proof that it was, in effect, a bill of exchange; and it may be (a point, however, which we do not decide) that evidence to establish such fact would be inadmissible because of the form of the letter.

Again the plaintiff sues upon the instrument as a contract of guaranty; and it is well settled, as we have heretofore observed, that such contract is invalid unless made in connection with the transfer of a chose in action or other property belonging to the bank. See, as further sustaining this proposition, *Madison, W. & M. Plank-Road Co. v. Watertown & P. Plank-Road Co.,* 7 Wis. 59; *Madison & I. R. Co. v. Norwich Sav. Soc.,* 24 Ind. 457; *Norton v. Bank,* 61 N. H. 589; *Aetna Nat. Bank v. Charter Oak Life Ins. Co.,* 50 Conn. 167; *Beecher v. Dacey,* 45 Mich. 92 (7 N. W. Rep. 689). The cases referred to by appellant all involve the negotiation or transfer of negotiable instruments belonging to the bank, or in which it had an interest, and are therefore not in point. As the contract is strictly one of guaranty, the presumption is that the bank had no authority to issue it, and the trial court correctly refused to admit it in evidence.— AFFIRMED.