# American Bridge Company, Appellant, *v.* Colonial Trust Company.

*Guaranty—Contract—Construction of contract.*

An iron company agreed to supply a construction company with steel material for a bridge. The price of the steel was fixed at a certain rate per pound, the aggregate amount not being stated and not ascertainable directly from the contract. A surety company guaranteed the "payment for said material, not to exceed in the aggregate thirteen thousand dollars." *Held,* that the guarantor was only liable to pay for material, the value of which should not exceed $13,000.

Argued March 23, 1906.   Appeal, No. 78, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T.,

1903, No. 3,595, on verdict for defendant in case of American Bridge Company of New York v. Colonial Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Assumpsit on a guaranty. Before WILTBANK, J.
The facts are stated in the opinion of the Supreme Court.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* amongst others was in directing a verdict for defendant.

*John G. Johnson*, for appellant.—There is no reason why a surety company should be favored in the construction of a contract of indemnity prepared by itself, to any greater extent than companies which indemnify against loss by fire. The modern construction of such contracts is one which holds the surety companies to strict responsibility: Guarantee Co. of North America v. Mechanics' Sav. Bank, etc., Co., 183 U. S. 402 (22 Sup. Ct. Repr. 124); American Surety Co. v. Pauly, 170 U. S. 133 (18 Supr. Ct. Repr. 552).

*Albert B. Weimer*, for appellee.—The plain meaning of the words of the guaranty is that the guarantor, if required, would pay for material up to the aggregate amount of $13,000, but not in excess of that amount. The guarantor set the limit for its own protection. It considered the financial ability of the construction company to carry out a contract for $13,000, and limited its own liability to that amount. If the construction given to the guaranty by the plaintiff were followed, the contract of the construction company might involve the expenditure of a vast amount of money never in the contemplation of the guarantor. The construction company thus might be furnished with material to the amount of $100,000, and if it paid $87,000 of that amount, the guarantor would be liable for the balance of $13,000. Such a construction is clearly unreasonable: Fogel v. Blitz, 128 Mich. 503 (87 N. W. Repr. 640); Atkins v. Payne, 9 Pa. Dist. Rep. 401.

OPINION BY MR. JUSTICE STEWART, May 14, 1906:

The Vandergrift Construction Company undertook the building of a viaduct over a railroad at Newport News. It engaged the steel material required from the American Bridge Company, the appellant, by written contract, in which the price of the steel for the superstructure was fixed at a certain rate per pound, and the price for the piers and braces at a certain other rate per pound, the aggregate amount not being stated, and not ascertainable except by calculation based on the detailed drawings which were referred to in the contract, but did not accompany it. In this connection the Colonial Trust Company, appellee, made the following guaranty : " Referring to contract dated 31st day of January, 1903, with the Vandergrift Construction Company for delivery of certain material and erection thereof at Newport News, to be used for the construction of a viaduct on the Chesapeake & Ohio Railroad Company at Twenty-sixth street in said town of Newport News, we hereby guarantee payment for said material, not to exceed in the aggregate thirteen thousand (13,000) dollars." Pursuant to this arrangement the bridge company delivered the necessary material for the structure, to the amount in value of $15,490.88. The construction company made payments amounting to $9,019.18, and the trust company paid $3,980.82, the two sums aggregating $13,000. Default was made in payment of the balance of $2,419.88, and the bridge company brought this action against the trust company to recover on its guaranty. The court below held that by payment of the $13,000 the guaranty was fully met and discharged, and directed a verdict for the defendant. It is this ruling of the court that is assigned as error.

The contract of guaranty is somewhat unusual but free from difficulty. It means necessarily one of two things : either that the trust company will answer to the extent of $13,000 for any default that the construction company may make in paying for any and all the material furnished it by the bridge company under its contract for the viaduct, without regard to the aggregate of such material, or, that it will guarantee payment of $13,000 worth of material to be supplied the construction company, and nothing beyond. The first expresses the contention of the appellant; the second, that of the appel-

lee.  It must, we think, be conceded that the latter meaning can very properly and easily be derived from the language employed.  Indeed, the language used aptly expresses such meaning.  Interpreted according to the plain and ordinary meaning of the words, it is evident that what was not to exceed the demand indicated was the credit to be given the construction company.  On the other hand, to give the guaranty a larger application and make it embrace the whole of the construction company's contract, other words would have to be used; as, for instance, the words " our liability " before the word " material."  As written it reads, " said material not to exceed in the aggregate Thirteen Thousand Dollars."  Amended in the way we have indicated it would read, " our liability not to exceed in the aggregate Thirteen Thousand Dollars."  Thus amended it would be a guaranty to the extent of $13,000 on the whole contract for whatever the aggregate might be.  Except as these words are supplied, the construction contended for by appellant is impossible.  By supplying them, we would be reforming the contract, not interpreting it.  The obvious meaning of the contract as written is, that if the bridge company should furnish the construction company with $13,000 worth of material for the viaduct it had undertaken to build, the trust company would see that the amount was paid.  Sufficient reason for so restricting the guaranty by the trust company is found in the fact that the whole amount of the construction company's liability was not at the time ascertainable. The full amount of $13,000 having been paid the bridge company, the court below properly held that this discharged the guaranty.

Judgment affirmed.