STATE OF IOWA, Appellant, v. ROBERT BULECHECK.

**New trial:** SECOND APPLICATION UPON SAME GROUND. After the court has overruled an application for new trial on the ground of newly discovered evidence and the case has gone to final judgment, it cannot entertain a second application on the same ground supported by the same showing with reference to the newly discovered evidence, and announce a different result.

*Appeal from Johnson District Court.*— HON. O. A. BYING-TON, Judge.

TUESDAY, FEBRUARY 11, 1908.

THIS is an appeal by the State from the ruling of the trial court sustaining a petition for new trial in an action in which judgment was rendered against the defendant that he pay $60 per year for the support of a bastard.— *Reversed.*

*W. J. McDonald,* County Attorney, and *Baldwin & Fairchild,* for appellant.

*Holbert & Holbert,* for appellee.

McCLAIN, J.— The complaining witness was delivered of a bastard child July 30, 1903, and on August 27, 1904, filed the complaint charging defendant with being the father. On the trial in February, 1905 (at the January term of court), there was a conflict in the evidence as to whether a certain dance which the complainant and defendant had attended, and at which, according to complainant's testimony, the sexual intercourse between them was had which resulted in the birth of the child, occurred September 20th or October 26th, it being conceded that there were two dances attended by the complaining witness, the conflict being as to whether the defendant was present at the second of them. The date was very material, for complainant's story was consistent with the birth of the child in July, while the testimony for defendant tending to show that he was not present at the dance in October, but that he was with the prosecuting witness at the dance in September, was inconsistent with his being the father of the child. At the close of the evidence on both sides the defendant asked for a directed verdict on the ground that the evidence showed affirmatively that the time fixed for the alleged sexual intercourse was at a time when, by reason of the natural laws governing gestation, conception could not have occurred that led to the birth of the child.

The court instructed the jury with reference to the place and circumstances of the claimed sexual intercourse, directing that the evidence be fully considered and weighed for the purpose of determining whether or not the state had established by a preponderance of the evidence that the defendant was the father of the child, and refused an instruction asked by defendant that if it should be found the intercourse took place between the complaining witness and the defendant on the 20th day of September, then as a matter of law the defendant could not be the father of the child. On February 20, 1905, the jury returned a verdict of guilty,

and on the 25th of the same month the defendant filed a motion to set aside the verdict and for a new trial, on the ground, among others, that the evidence shows affirmatively that the dance at which the sexual intercourse took place occurred thirty-six days before the time fixed by the plaintiff in her testimony, and such fact demonstrated the impossibility of the defendant having been the father of the child. On March 9, 1905, this motion was amended so as to allege as a ground for a new trial that defendant had discovered new and important testimony establishing his innocence which could not have been discovered by diligence prior to the trial, and attached to and made part of his motion an affidavit of his own in which he set forth the names and addresses of various witnesses by whom he alleged that he would be able to prove that the dance at which the prosecuting witness and the defendant were both present was on September 20th, and not on October 26th. Defendant also attached the affidavits of two of the witnesses referred to by him relating to their knowledge of the date of the dance. On March 11, 1905, this motion for a new trial was submitted on arguments of counsel, and, on May 5th following, it was overruled, and judgment was rendered against the defendant on the verdict. On June 6th following, the defendant filed in the case a petition for a new trial to which he attached the same affidavits which had been attached to the motion for new trial, adding thereto affidavits of other witnesses referred to by him in his first affidavit, and on July 22d the court, after hearing arguments of counsel, entered judgment overruling and denying the petition. On October 14th the defendant served notice of appeal from this ruling on which appeal the judgment was affirmed in this court on March 6, 1907, for failure to present argument in support of the appeal. In the meantime, however, the defendant had on April 23, 1906, which was still within one year after the rendition of judgment, filed a second petition for new trial, alleging substantially the same grounds as had

been urged in the first petition and also in the motion, and supported this petition by his own affidavit containing substantially the same allegations as made in his affidavit to the first petition, and the same affidavits of other witnesses, which were simply detached from the first petition and refiled as attached to the second. The state interposed by way of objection to this second petition that the same showing had already been made in support of the motion for new trial and the first petition for a new trial, which had been overruled, and asked that the second petition be dismissed. This objection and others of the same character made at different stages of the subsequent proceedings were overruled and the testimony of the witnesses referred to in defendant's second petition was taken, and the issue on this petition was fully submitted on June 9, 1906 (during the May term of court), and on December 28, 1906, the court ordered a new trial, setting aside the verdict and judgment already rendered. From this order the plaintiff appeals.

As we have not been favored with an argument for the appellee, we shall discuss only the question whether the court could properly grant a new trial on a petition setting up the same grounds as those which have previously been embodied in a motion for a new trial and a petition therefor, both of which had been properly submitted on the showing made and had been overruled. We think such action of the trial court was clearly erroneous. The showing as to newly discovered evidence, which was made the ground of the second petition, had been alleged as a ground in the motion for a new trial, and had been fully set forth with the names of all the witnesses whose testimony was subsequently taken, in connection with the first petition for a new trial. The only witness whose affidavit was not presented in support of the first petition and who testified in support of the second petition was the physician who had attended the prosecuting witness at the time of her confinement, and the only material testimony which this physician gave was that the child was

smaller than ordinary—"a pretty little thing with light blue eyes and light red hair." The size of the child was perhaps material as showing that the period of parturition had not been extended beyond the ordinary period, and it is to be assumed that the color of the eyes and hair was relied upon as tending to show that it was not the child of the defendant, although the color of the defendant's eyes and hair is not indicated by the record. But this was not a new fact. The defendant in his first petition for a new trial had stated that he would be able to show by this same physician that the child "at time of birth had exceedingly red hair and pug nose; that it was very small and puny, and continued so for a considerable length of time." The fact was therefore fully known to the defendant at this time, and no reason is shown for not establishing it. The name and residence of the physician were stated in the application, and no reason is made to appear why the affidavit of the physician was not then procured, if deemed material. It is true that the court on the original submission of the case had directed the jury not to take into account the appearance of the child, nor allow the failure to exhibit it to the jury to have any weight in determining the verdict. If this instruction was erroneous, the error had been as fully committed, and the means of curing it was as fully available to the defendant, when the first petition was presented as when it was again called to the court's attention in the second petition.

The whole case of the defendant with reference to the right to a new trial on the ground of newly discovered evidence had been fully submitted on the first petition, and no question was presented by the second petition which the defendant had not had the full opportunity to present and which had not been in fact presented to and decided by the court. It is clear, therefore, as we think, that the second petition should not have been entertained, and that the court was in error in proceeding thereunder to determine questions which had been fully presented and decided. Defend-

·ant's remedy, if any, for an erroneous decision on the first petition, was by appeal, and, having prosecuted such appeal without securing a reversal, it was not open to the court to cure any error in its ruling, if error there was, by proceeding to again try the same issues and reach a different result.

We need not definitely determine at this time whether there may not be a second petition for new trial on the ground of newly discovered evidence after one such petition has been presented to the court and overruled.   It may be that the subsequent discovery of wholly new and independent evidence would justify the granting of a second petition after a previous petition, even on the ground of newly discovered evidence, has been denied.   But in this case exactly the same showing with reference to newly discovered evidence was made in support of the first petition, and the court in ruling otherwise on the second petition must have simply reached the conclusion that its ruling on the first was erroneous.   It is not competent, however, for a trial court to proceed, after final judgment has been entered on one application for a new trial, to entertain another on identically the same grounds and announce a different result.   There must be an end to litigation, and a case once fully decided is not to be reopened merely for the purpose of reaching a different conclusion.   As supporting this general proposition, see *Watson v. Richardson,* 110 Iowa, 700; *Madison v. Garfield Coal Co.,* 114 Iowa, 56; *Martin v. Evans,* 85 Md. 8 (60 Am. St. Rep. 292).   This court has already said in *McBride v. McClintock,* 108 Iowa, 333, that a second application for new trial under the same conditions as those existing when a former application was denied will be considered if at all only under exceptional circumstances.   No exceptional circumstances appear in the case before us.

The order granting a new trial is *reversed.*