INTERNATIONAL HARVESTER COMPANY OF AMERICA, a Corporation, v. STATE BANK OF UPHAM, NORTH DAKOTA, a Corporation.

(166 N. W. 507.)

**Banks — obligor of another — cannot become — charter — statutory provisions — unless permitted by — disposition of own property or securities — necessity of — exception.**

1. Unless its charter or the statute expressly permits it, a bank has not the power to become the obligator of another, except as it is necessary to dispose of its own paper and securities.

**Bank — action against — defense — ultra vires — benefits received — proof — burden of.**

2. Even though a bank which asserts the defense of *ultra vires* has received benefits and the plaintiff may be allowed to recover the value thereof, the burden is on the plaintiff to plead and prove the fact.

Opinion filed January 29, 1918.

Action to recover upon the guaranty of a promissory note.

Appeal from the District Court of McHenry County, Honorable *A. G. Burr,* Judge.

Judgment for defendant.

Plaintiff appeals.

Affirmed.

*Greenleaf, Bradford, & Nash,* for appellant.

"Prima facie acts and contracts of a corporation are valid, there being no presumption of excessive power attached to them, and parties seeking to avoid such acts or contracts because they are thought to be

beyond the scope of its powers must do so by an affirmative showing." The burden is upon the atacking party.   3 Enc. Ev. 632.

The contract of indorsement being in writing, consideration is presumed,—want of consideration is upon the party claiming it, to prove by a preponderance of the evidence.   Comp. Laws 1913, § 5882.

The plea of *ultra vires* can never be set up where the party has received benefits under the contract.   2 Morse, Banks & Bkg. §§ 732, 741.

"The burden of proof in any case is first to show that the act is *ultra vires*, and, if this is shown, the burden is on him who objects to the plea of *ultra vires* and wishes the court to hold that the contract is not void."   2 Morse, Banks & Bkg. § 741a.

*D. J. O'Connell,* for respondent.

The rule is generally accepted that a bank has not the power to become the guarantor of the obligations of another unless its charter or governing statute expressly permits it.   Cottondale State Bank v. Oskamp Nolting Co. 64 Fla. 36, 59 So. 566, Ann. Cas. 1916D, 564; Seligman v. Charlottesville Nat. Bank, 3 Hughes, 647, Fed. Cas. No. 12,642; Thilmany v. Iowa Paper Bag Co. 108 Iowa, 333, 79 N. W. 68; Comp. Laws 1913, § 5150, subd. 8.

What is void *ab initio* cannot be made good by ratification or by any succession of renewals, and no performance on either side can give validity to an unlawful contract.   10 Cyc. 1146 F.

It is the obligation of everyone entering into contracts with a corporation to take notice of the legal limits of its powers.   10 Cyc. 1147.

It is wholly immaterial whether or not defendant benefited by the contract.   First Nat. Bank v. Monroe, 135 Ga. 614, 32 L.R.A.(N.S.) 550, 69 S. E. 1123; Houghton v. First Nat. Bank, 26 Wis. 663, 7 Am. Rep. 107; Citizens Cent. Nat. Bank v. Appleton, 216 U. S. 196, 54 L. ed. 443, 30 Sup. Ct. Rep. 364.

The general rule that a written instrument imports a consideration is not applicable to the case at bar.   The right of plaintiff to recover back such consideration would depend not on the contract of guaranty, but on the implied contract to recover only to the extent of the consideration received, and that must be pleaded and proved by the plaintiff.   Appleton v. Citizens Cent. Nat. Bank, 190 N. Y. 417, 32 L.R.A. (N.S.) 543, 83 N. E. 470.

Defendant is not estopped to assert the defense of *ultra vires*.   Plain-

tiff has neither pleaded nor even attempted to prove an estoppel. In any event such doctrine is not applicable to the case here. Sly v. Hunt, 159 Mass. 151, 21 L.R.A. 680, 38 Am. St. Rep. 403, 34 N. E. 187.

BRUCE, Ch. J. This is an action on a promissory note and is brought against the Upham State Bank as an indorsee.

The defense is contained in the paragraph of the answer which alleges that it, the State Bank of Upham, "shows to the court that the defendant corporation was not authorized by the law to guarantee the payment of any note except such notes as were the property of said defendant corporation, or such notes as were legally executed by said defendant corporation, and that if the said corporation defendant did perform or attempt to perform the acts alleged in paragraph 3 of said complaint, then in that case the said act or acts were and are *ultra vires* and void; that there was no legal consideration for said guaranty or attempt at guaranty, and the defendant corporation received no consideration or benefits therefrom; that said defendant corporation is prohibited by the laws of the state of North Dakota from performing the acts referred to in paragraph 3, and the performance of the same was and is void as against public policy."

This defense the trial court held to be conclusive and to have been proved, and, being of this opinion, rendered judgment for the defendant. From this judgment the plaintiff appeals.

The question is, Has a bank power to indorse and guarantee the payment of a note which it does not own? The plaintiff contends that a bank has the power to make contracts, and has such incidental power as shall be necessary to carry on its business and to protect its assets. Defendant maintains that a bank has the power to borrow money, and for that purpose to transfer its assets in shape of negotiable papers, and not otherwise.

We are of the opinion that the trial court was correct in its ruling, and that, unless its charter or the statute expressly permits it, a bank has not the power to become the obligator of another, except as it is necessary to dispose of its own paper and securities. See Cottondale State Bank v. Oskamp Nolting Co. 64 Fla. 36, 59 So. 566, Ann. Cas. 1916D, 564; Seligman v. Charlottesville Nat. Bank, 3 Hughes, 647, Fed. Cas. No. 12,642; Thilmany v. Iowa Paper Bag Co. 108 Iowa, 333, 79 N.

W. 68; Norton v. Derry Nat. Bank, 61 N. H. 589, 60 Am. Rep. 334; 7 C. J. 595; 3 R. C. L. 425.

The reason for this rule is that a bank is authorized to lend its money, and not its credit, and, "if a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to. If not careful, the power would be the mother of panics, and if no compensation was received, there is the additional reason, if any is needed, that such a power is in derogation of the rights and interests of stockholders, and at all events could only be exercised with the consent of all. Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank; for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another." See 1 Morse, Banks & Bkg. 152; Cottondale State Bank v. Oskamp Nolting Co. supra.

In North Dakota we find no such authority conferred either by statute or by the charter. On the other hand, subdivision 8 of § 5150 of the Compiled Laws of 1913, although it relates merely to loans dependent upon real estate security, seems to evidence a different public policy in its provision that, "in selling or disposing of such loans so made, no such association shall have power to guarantee the payment or collection thereof."

This leads us to the second point, and that is, that the contract of indorsement and guaranty involved is not void upon its face, and that the defense of *ultra vires* must not only be pleaded, but proved.

There appears to be no merit to this contention. In the first place the defendant did plead the *ultra vires* nature of the contract, even if such a plea were necessary, and on this we express no opinion. The plaintiff pleaded the execution of the note by one Furgeson, and the guaranty or attempted guaranty of the payment by the defendant through its cashier and the defendant pleaded that the act of the cashier did not bind it, for the reason that such act was *ultra vires* and prohibited by law, and that no benefit accrued therefrom to the defendant.

The plaintiff made no reply to this defense, and the only evidence offered by it was the note and the fact that it had not been paid. A guaranty such as that disclosed by the pleadings was certainly pre-

sumptively *ultra vires.* Thilmany v. Iowa Paper Bag Co. 108 Iowa, 333, 79 N. W. 68. Even if it be the law of North Dakota as it is of some states, and on this we express no opinion, that when a bank which asserts the defense of *ultra vires* has received benefits the plaintiff is permitted to plead and prove the value thereof, and that such plaintiff may recover such benefits, it is nevertheless clear that the burden is on the plaintiff to plead and prove the extent of such benefits. Such a plea, in fact, asserts a new and different cause of action from that of the guaranty. The right of recovery in such cases is based on an implied contract to reimburse plaintiff for any material benefits derived by defendant and loss to the plaintiff, the amount of which, if any, must be alleged and proved by the plaintiff. Norton v. Derry Nat. Bank, 61 N. H. 589, 60 Am. Rep. 334; Oppenheim v. Simon Reigel Cigar Co. 90 N. Y. Supp. 355; Cook v. American Tubing & Webbing Co. 28 R. I. 41, 9 L.R.A.(N.S.) 193, 65 Atl. 641.

The judgment of the District Court is affirmed.