Dewey Column & Monumental Works, Appellant, v. A. C. Ryan et al., Appellees.

NOVEMBER 13, 1928.

*Sullivan & Sullivan*, for appellant.

*P. E. Ritz*, for appellee.

WAGNER, J.—The plaintiff's cause of action, as alleged in its petition, is for merchandise purchased by A. C. Ryan, doing business under the name of the Hawkeye Granite Company.

As to the defendant the Reinbeck State Bank, it is alleged in the petition, in substance, that said bank is a corporation duly incorporated under the banking laws of this state, and engaged in the banking business at Reinbeck, Iowa, and was so engaged at all times mentioned in plaintiff's petition. It is further alleged in the petition that, prior to the 11th day of June, 1920, the defendant A. C. Ryan, doing business under the name of the Hawkeye Granite Company, was desirous of purchasing a car of granite memorials from the plaintiff, and desired that the plaintiff should extend him credit for a period of 60 days; that the agreed value of the car of granite memorials which the defendant, doing business as aforesaid, desired to purchase, was the sum of $3,473.05; that the plaintiff refused to extend credit to the defendant Ryan, doing business as aforesaid, unless an acceptable guaranty by a solvent responsible person or corporation should be given by Ryan; that the plaintiff was advised by Ryan that he had procured a written guaranty from the Reinbeck State Bank for the payment of said car of granite which he de-

sired that the plaintiff should ship to him; that, on or about the 11th day of June, 1920, the plaintiff received from the Reinbeck State Bank a letter, of which the following is a copy:

"Reinbeck, Iowa, June 9, 1920.

"Dewey Column Co.,

"Barre, Vt.

"Gentlemen:

"I am in receipt of a letter from A. C. Ryan of the Hawkeye Granite Co., Waterloo, asking that I advise you that we would guarantee payment of a car of granite he has ordered or will order at this time. He states it will run from $1,500.00 to $2,000.00 and that it will be due in sixty days or thereabouts.

"Under the above terms we will gladly guarantee the payment of the above mentioned amount.

"Yours truly,

"Paul E. Kingsbury, Cashier."

It is further alleged in the petition that, upon the receipt of the written guaranty of the defendant bank, the plaintiff shipped the car of granite memorials to the defendant Ryan, and that the agreed value of said car of granite memorials was the sum of $3,473.05, of which amount $900 has been paid, leaving a balance due of $2,573.05, for which amount the plaintiff asks judgment against both defendants.

The defendant Reinbeck State Bank filed a demurrer to the plaintiff's petition, based upon various grounds, only two of which we will mention; for, if any one of said grounds of demurrer be good, it is immaterial as to the others. One ground of defendant's demurrer raises the proposition that the so-called written guaranty is void for lack of power and authority upon the part of the bank, through its cashier, to give the guaranty. Another ground of said demurrer raises the proposition that the granite was not sold and shipped to the defendant Ryan upon the terms and conditions contained in said guaranty, and that the letter written by the defendant's cashier fixed a limitation of the amount of credit to be extended by the plaintiff to the defendant Ryan, and that it appears from the petition that the plaintiff exceeded said limitation; and for said reasons, there can be no recovery as against the defendant bank.

Except as to the proviso contained in Section 9222 of the

Code of 1924, state banks may contract indebtedness or liability for the following purposes only: For necessary expenses in managing and transacting their business, for deposits, and to pay depositors. There is no averment in the plaintiff's petition showing authority on the part of the bank to enter into the written guaranty. As the written contract sued upon is strictly one of guaranty, the presumption is that the bank had no authority to issue it. *Thilmany v. Iowa Paper Bag Co.*, 108 Iowa 333; *International Harv. Co. v. State Bank of Upham*, 38 N. D. 632 (166 N. W. 507). It is not within the ordinary functions of a bank to lend its credit. A bank has only such powers as are granted expressly or impliedly by its charter,—the statute of the state, and among these will not be found authority to go security for another in a case like this. A banking institution is not authorized to become a guarantor, except where this is necessary to protect its rights, where the guaranty relates to commercial paper, and is an incident to the purchase and sale thereof, or where such guaranty is especially authorized by law. 7 Corpus Juris 595.

"'A savings [state] bank is a creature of law, the same as any other corporation, and can exercise no power not conferred by law. It derives its authority from the statutes creating and governing it; and an act done in an attempt to exercise power not given it by statute is a void act. * * * 'if the contract be one prohibited by law, and therefore unlawful, then no recovery may be had thereon.'" *Henderson v. Farmers Sav. Bank*, 199 Iowa 496.

In *International Harv. Co. v. State Bank of Upham*, 38 N. D. 632, 634 (166 N. W. 507), we find the following appropriate language:

"We are of the opinion that the trial court was correct in its ruling, and that, unless its charter or the statute expressly permits it, a bank has not the power to become the obligator of another, except as it is necessary to dispose of its own paper and securities."

In *Thilmany v. Iowa Paper Bag Co.*, supra, we said:

" * * * it is well settled, as we have heretofore observed,

that such contract is invalid unless made in connection with the transfer of a chose in action or other property belonging to the bank.''

The written guaranty upon which the plaintiff seeks recovery against the Reinbeck State Bank shows upon its face that it is simply a promise to guarantee the fulfillment of the obligation of Ryan; and as such, it is absolutely void, and there can be no recovery thereon. See 7 Corpus Juris 595; *Thilmany v. Iowa Paper Bag Co.*, supra; *Henderson v. Farmers Sav. Bank*, supra; *State ex rel. Carroll v. Corning State Sav. Bank*, 136 Iowa 79; *Cottondale State Bank v. Oskamp Nolting Co.*, 64 Fla. 36 (59 So. 566, Ann. Cas. 1916D 564); *Creditors Claim & Adjustment Co. v. Northwest L. & Tr. Co.*, 81 Wash. 247 (142 Pac. 670, Ann. Cas. 1916D 551, 554); *International Harv. Co. v. State Bank of Upham*, supra.

Thus it is manifest that the court was right in sustaining the demurrer on the first ground hereinbefore mentioned.

We are also of the opinion that the action of the court in sustaining the demurrer on the second ground hereinbefore referred to was proper, conceding, arguendo, the authority of the bank and its cashier to execute the written guaranty contained in the letter. Said letter is plain and unambiguous: it states, in substance, that, if the addressee will extend credit to Ryan to an amount from $1,500 to $2,000, it will guarantee the payment. The amount of the credit extended to Ryan by the plaintiff was $3,473.05. A violation of the limitation of the amount of credit contained in the guaranty extended by the creditor to the debtor releases the guarantor from all liability. 12 Ruling Case Law 1084.

In *Schoonover v. Osborne Bros.*, 108 Iowa 453, we said:

''A contract of guaranty or suretyship is said to be *strictissimi juris*, and one in which the guarantor has the right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge if those terms are not observed. It is not a question whether he is harmed by a deviation to which he has not assented. He may plant himself on the technical obligation: 'This is not my contract * * * ' ''

Upon this branch of the case, see, also, *Historical Pub. Co. v. LaVaque*, 64 Minn. 282 (66 N. W. 1150); *Bloomington Min.*

*Co. v. Searles*, 63 N. J. Law 47 (42 Atl. 840) ; *American Bridge Co. v. Colonial Tr. Co.*, 215 Pa. St. 305 (64 Atl. 532).

It seems quite clear that the plaintiff violated the limitation of the credit which was to be extended to Ryan.

Since we hold that defendant's demurrer was properly sustained on either one of the aforesaid grounds of demurrer, it is useless for us to take time and space in discussing other grounds urged by the defendant, which may be good.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.