L. W. CLARK, Appellant, v. FIRST NATIONAL BANK of Ottumwa et al., Appellees.

ELIZABETH MASCHEK, Appellant, v. FIRST NATIONAL BANK of Ottumwa et al., Appellees.

No. 42768.

638

Jaques, Tisdale & Jaques, for appellants.

Chester W. Whitmore, for appellees.

Albert, J.—The petitions of the respective plaintiffs herein are identical except as to the amounts claimed. Summarized, the said petitions are as follows:

The Hardsocg Manufacturing Company was a corporation under the laws of the state of Iowa, of which the capital stock was $76,000, represented by 760 shares of which Bane Hardsocg and Lester C. Hardsocg owned 500 shares. As individuals they were indebted to the First National Bank of Ottumwa in the sum of $40,000. They assigned certificates for said stock to said First National Bank, together with proxies authorizing said bank to vote said shares of stock at any meeting of the stockholders of said manufacturing company. This assignment was made as collateral security for their said individual indebtedness to the bank. Under the articles of incorporation of said manufacturing company, its charter would expire on May 8, 1931. Under section 8365 of the Code, it had a right to renew its charter at any time within three months after its expiration, and hence August 8, 1931, was the last day on which it could exercise this right under the statute. On the 2d day of June, 1931, a special meeting was duly called to consider the question of renewal of the charter. At that meeting the outstanding shares were 760; 639 voted for renewal and 44 voted against renewal. These 44 shares were divided as follows: Emmett A. Work, 24; Elizabeth Maschek, 15; and L. W. Clark, 5 shares. Thereafter, the following writing was made:

"In consideration of Elizabeth Maschek, L. W. Clark and E. A. Work withdrawing their objections to the renewal of Articles of Incorporation of the Hardsocg Manufacturing Company, we the undersigned hereby agree and stipulate with the above named persons that so long as the First National Bank of Ottumwa, Iowa, holds as collateral security, or owns in its own right any stock of said Corporation that it will vote all of said stock for such direc-tors in said Corporation as shall vote for L. W. Clark for the office of General Manager of said Corporation for a term of not less than one year, at a salary of $3,000.00 per year, beginning August 17, 1931; and for Elizabeth Maschek as bookkeeper at a salary of $25.00 per week for the same term. It is further stipulated that said bank shall at once demand and receive the resignation of L. S. Hardsocg as Secretary-Treasurer and general manager; also the resignation of Bane Hardsocg as Vice President and of Roy Stevens and T. J. Madden as Directors of said corporation. That the following directors shall be elected to fill the vacancies created: G. Frank Spry, E. A. Work, L. W. Clark, M. Bannister." (There are some other provisions that are not material here.)

"[Signed] First Nat'l Bank, W. B. Bonnifield, Pt. Aug. 8, 1931."

Thereafter, the renewal or substituted and amended articles of incorporation of the said Hardsocg Manufacturing Company were duly signed, and Work, Maschek, and Clark, in writing, withdrew all objections thereto and consented to the renewal articles. Said articles were duly executed and filed as required by law. It is further alleged that the First Bank & Trust Company of Ottumwa, Iowa, has, since the 8th of August, 1931, taken over all the assets and assumed all the liabilities of the First National Bank.

The plaintiffs allege that this contract was breached in two respects: First, that the respective plaintiffs were not given the employment provided for in said contract; and, second, that the named parties in said contract were not elected directors as therein provided. On account of this breach of the contract the plaintiff Clark seeks to recover the sum of $3,000, and Mrs. Maschek seeks to recover the alleged stipulated salary of $25 per week. Attached to each of said petitions is a copy of the renewal or substituted and amended articles of incorporation, together with the resolution of the board in relation thereto. The renewal articles of incorporation, which was attested and approved by both of these plaintiffs, among other things recites: "* * * and until otherwise ordered

the present directors and officers in the expiring corporation shall hold similar position in such succeeding corporation."

Article VI provides that the affairs of the corporation are to be conducted by a board of directors elected at the annual meeting of the stockholders, and that:

"The Board as at present shall consist of five members consisting of Martin Hardsocg, Lester C. Hardsocg, Bane Hardsocg, Roy E. Stevens and T. J. Madden named for the first corporate fiscal year commencing with May 1, 1931."

Article VII provides for the corporate offices and that the board of directors shall name the persons filling these positions and designate their compensation. It further authorizes the board of directors to employ subordinate executive officers whose services may be required, as a general manager, superintendent, or sales manager.

"Unless otherwise directed by the Board of Directors the officers shall serve for the annual term commencing with May first of each year, the officers for the year ending May 1, 1932, being President Martin Hardsocg, Vice President Bane Hardsocg, Secretary Lester C. Hardsocg, and Treasurer Lester C. Hardsocg."

To each of the petitions a demurrer was filed which was sustained, from which ruling the plaintiffs appeal.

It is apparent from the summary of the petitions just set out that the plaintiffs claim that the defendant bank breached this alleged contract in two respects: First, that it failed to vote the shares of stock which the bank had under its control for the named parties (Spry, Work, Clark, Bannister) as directors; second, that it failed to vote said shares of stock "for such directors in said corporation as shall vote for L. W. Clark for the office of general manager * * * and for Elizabeth Maschek as bookkeeper * * *."

Both sides present very able briefs discussing the powers of national banks, but, as we view the case, this question need not be discussed as there are other phases that are controlling.

It will be noted that at the first meeting of the stockholders of the manufacturing company, Work, Maschek, and Clark voted against the renewal of the charter. Following that, the contract sued on herein was executed as set out. Subsequently to that, Work, Maschek, and Clark withdrew their objections and attached to the

proposed renewal articles of incorporation their signatures so asserting and consenting to such articles as they then appeared and as they now appear. As heretofore shown, those articles provided for a different set of officers and directors than those provided for in the alleged agreement. In other words, the articles that were adopted, so far as the officers and directors were concerned, showed other and different names than those provided for in the alleged written contract; and the approval of the articles by Work, Maschek, and Clark is alleged to have been subsequent to the execution of the alleged contract. This being their last act, the approval of such articles must therefore be controlling, and it is held that by reason of such latter act on their part, they must have waived their rights under the alleged contract with the bank, and, having waived the very things which they allege to be a violation of the contract, necessarily they could not base an action on such alleged breach. The plaintiffs state their position to be that there was an agreement to vote this stock as a unit for certain purposes, to wit: (1) To vote for directors who would employ the plaintiffs; and (2) to vote for specific directors. They say, "The bank broke its contract and refused to vote in accordance with the terms of the contract in either instance," and for that reason damages are claimed.

From what has already been said, it is apparent that the plaintiffs are not in position to make such claim under the record as it stands.

Viewing this matter from another angle, it is quite apparent that the bank had no power to make or carry out the terms of the alleged contract. What the plaintiffs were seeking to accomplish, as we gather from the argument, was that Clark and Maschek wanted to be certain of their employment by the manufacturing company, and whether or not they were so employed rested wholly with the directors of the renewed corporation. The bank was not in a position in which it could control the official action of such board of directors. Further than this, if the bank should attempt to make a contract by which it agreed to dictate the action of the board of directors of the manufacturing company, it would far exceed its power, as is fully shown by Thilmany v. Iowa Paper Bag Co., 108 Iowa 333, 79 N. W. 68, where the principle is laid down governing this phase of the case. It will be noted by what has already been said that the manufacturing company was not a party to this alleged contract. These two plaintiffs were stockhold-

ers in the old and in the renewed corporation, and the National Bank was in control of stock of the said corporation, and as such these parties attempted to enter into a contract giving to each of the plaintiffs, who were stockholders, a lucrative position in the manufacturing corporation. That such a contract cannot be made is quite well settled by the authorities. See Creed v. Copps, 103 Vt. 164, 152 A. 369, 71 A. L. R. 1287; Teich v. Kaufman, 174 Ill. App. 306; Woodruff v. Wentworth, 133 Mass. 309; Harris v. Scott, 67 N. H. 437, 32 A..770; Snow v. Church, 13 App. Div. 108, 42 N. Y. S. 1072; Haldeman v. Haldeman, 176 Ky. 635, 197 S. W. 376; Palmbaum v. Magulsky, 217 Mass. 306, 104 N. E. 746; Ann. Cas. 1915D, 799; 7 R. C. L. (Corporations) par. 331; 2 Cook on Corporations, section 622; 1 Thompson on Corporations (2d Ed.), section 898.

Some other questions are discussed, but we think these are the controlling questions in the case, and that the demurrers to each of the petitions of plaintiffs were properly sustained.—Affirmed.

ANDERSON, C. J., and DONEGAN, PARSONS, RICHARDS, HAMILTON, MITCHELL, POWERS, and KINTZINGER, JJ., concur.