THOMAS J. CREED *v.* EDWARD M. COPPS ET AL.

October Term, 1930.

Present:  POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed December 12, 1930.

*Fenton, Wing & Morse* and *Olin M. Jeffords* for the plaintiff.

166

*Jack A. Crowley* and *Lawrence, Stafford & O'Brien* for the defendants.

WILLCOX, J.   This is a proceeding in chancery, and the question presented relates to the power and duties of the parties as stockholders in a certain ice corporation.   The plaintiff, having deceased pending the cause in this Court, his administratrix was granted leave to enter and prosecute the same.

In the trial below the decree was that the bill be dismissed and that the defendants recover their costs.

The case shows that the plaintiff owned in his own right one-fourth of the stock of the corporation in question and claimed to control another one-fourth thereof standing in the name of one of the defendants, Edward M. Copps; that the remaining half of said stock was owned by the other defendants.

None of these other defendants knew of any understanding between the plaintiff and said Copps until the bringing of this

proceeding. The understanding between the plaintiff and defendant Copps was that said Copps would, "at all times be controlled in his judgment and conduct of the affairs of the corporation and voting his stock by the desires, wishes and judgment of the plaintiff."

Whether this understanding and agreement between the plaintiff and the defendant Copps, in the circumstances, was a binding agreement, is the question to be decided.

The plaintiff claims that a principle applied in the Vermont case of *Thompson-Starrett Co.* v. *Ellis Granite Co.*, 86 Vt. 282 (289), 84 Atl. 1017, must apply here; and cites a long line of cases from other jurisdictions in support thereof. To the proposition there presented as applicable to this case, we are unable to agree. There, we had a strictly voting trust agreement; here, we have nothing of that kind. So it becomes necessary to determine whether the agreement here in question is legal or illegal. If legal, then the court below was in error; if illegal, the decree below must be affirmed.

It was found by the court below that the ownership of the plaintiff and defendant, Edward M. Copps, of the stock in question was exactly one-half of the outstanding stock; that the other defendants owned the other half of said stock and were wholly without knowledge of the understanding claimed to exist between the plaintiff and said Copps. The validity of the agreement in question depends upon the purpose it was designed to serve. If that purpose was lawful, the understanding between the plaintiff and said Copps is a binding force and must be given full effect; if not lawful, the effect of the understanding is without force.

That the restrictions placed upon Copps by the terms of his understanding with the plaintiff in effect deprived said Copps wholly of every function belonging to a stockholder—is wholly apparent. It not only made said Copps subservient to the plaintiff in voting his interest in the corporation, but deprived him of every function of a stockholder and of a director, if he ever became a director, and made him, as stated, in every respect subservient to the plaintiff.

We hold that the force of this understanding between the plaintiff and Copps was both contrary to public policy and fraudulent as to the other stockholders and will not be enforced. We are not concerned whether any injury has resulted. It is

sufficient that this understanding was intended to give the plaintiff an undue advantage over the remaining stockholders and to deny the defendant Copps duties and functions which properly belonged to him and which he should have exercised according to his own understanding. It was a corrupt bargain and unlawful, for it was the duty of Copps to act fairly and in good faith at meetings of the stockholders and he was not justified in entering into any such agreement with the plaintiff, as is shown by the findings in this case, in order that the plaintiff might perpetrate a fraud upon the other stockholders, or gain for himself a position which he did not otherwise control. 7 R. C. L. tit. ''Corporation'' par. 331; *Manson* v. *Curtis*, 223 N. Y. 313, 119 N. E. 559, Ann. Cas. 1918E, 247; *Jackson* v. *Hooper,* 76 N. J. Eq. 592, 75 Atl. 568, 27 L. R. A. (N. S.) 658; *Guernsey* v. *Cook,* 120 Mass. 501; *Palmbaum* v. *Magulsky,* 217 Mass. 306, 104 N. E. 746, Ann. Cas. 1915D, 799; *West* v. *Camden,* 135 U. S. 507, 34 L. ed. 254, 10 Sup. Ct. 838; *Hellier* v. *Achorn,* 225 Mass. 273, 151 N. E. 305, 45 A. L. R. 788; *Starbuck* v. *Mercantile Trust Co.,* 60 Conn. 553, 24 Atl. 32; *Harvey* v. *Linville Imp. Co.,* 118 N. C. 693, 24 S. E. 489, 32 L. R. A. 265, 54 A. S. R. 749; *Morel* v. *Hoge,* 130 Ga. 625, 61 S. E. 487, 16 L. R. A. (N. S.) 1136, 14 Ann. Cas. 935.

In short, the business management of a corporation is confided to its directors and they must act in behalf of the corporation. They represent all the stockholders and creditors and cannot enter into agreements, either among themselves or the stockholders, by which they abrogate their independent judgments. *Jackson* v. *Hooper,* 76 N. J. Eq. 592, 75 Atl. 568, 27 L. R. A. (N. S.) 658.

The question whether the death of the plaintiff has terminated the contract, so that the administratrix has no interest in it, has not been briefed, and so we do not consider it.

*Decree affirmed, and cause remanded.*