Hillsborough,
No. 4909.

WILLIAM BOWKER *v.* NASHUA TEXTILE CO., INC. & *a.*

Argued February 9, 1961.

Decided April 4, 1961.

244

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Graf* orally), for the defendants.

DUNCAN, J. The affirmative action of better than seventy per cent of all the stockholders of the corporation authorizing liquidation and dissolution of the corporation was sufficient to comply

with the statute (RSA 294:40, 41) and if taken in good faith afforded the minority stockholders no ground for complaint. *Bowditch* v. *Jackson Company*, 76 N. H. 351; *Second Nat. Bank* v. *Bank*, 84 N. H. 342. See *Fontheim* v. *Walker*, 282 App. Div. (N. Y.) 373, aff'd 306 N. Y. 926; 6A Fletcher, Cyc. Corporations (Rev. Vol. 1950) *s*. 2947, *pp*. 692, 693; 13 *Id.*, (Rev. Vol. 1961) *s*. 5797, *pp*. 129, 130.

The pending bill however is grounded upon fraud and mismanagement preceding and giving rise to liquidation, and thus alleges wrongs to the corporation itself. An action upon such a cause may be maintained by a stockholder, in equity, when the officers of the corporation refuse to act in its behalf or where, as in the case before us, those having the duty to act for the corporation are themselves charged with the wrongs of which complaint is made. *March* v. *Eastern Railroad Co.*, 40 N. H. 548; *Winsor* v. *Bailey*, 55 N. H. 218. See *Kidd* v. *Traction Co.*, 72 N. H. 273, 282; *Allen* v. *Newmarket Associates*, 95 N. H. 121. In such a case one or more stockholders acting in a representative capacity may, if not disqualified by participation in the wrong or for other cause, maintain a derivative action on behalf of the corporation.

Thus the plaintiff was entitled to maintain the pending action, unless it was barred by the confirmatory action of the majority stockholders, or unless he himself was disqualified to act to enforce the rights of the corporation.

The defendants rely upon the resolution adopted at the stockholders' meeting of February 7, 1959, ratifying and approving the action of the directors and president, as a bar to maintenance of any action, at least by those who voted in favor of the resolution. The plaintiff on the other hand points out that in order for such action by the stockholders to be binding upon them as a ratification, or as a waiver of their rights, it must have been taken with knowledge of the material facts. *Durfee* v. *Durfee & Canning, Inc.*, 323 Mass. 187, 202-203. This he asserts was not the case, either when he himself participated in the preliminary actions of the directors looking to liquidation, or when the majority stockholders adopted the resolutions of February 1959.

Also significant is the circumstance that the vote of ratification was adopted with the aid of the votes of the defendant stockholders whose conduct was under attack. In this situation the vote should not be effective to bar the rights of the corporation as a matter of law. *Braunstein* v. *Devine*, 337 Mass. 408. *Cf. Solomont & Sons*

*Trust, Inc.* v. *New England Theatres Operating Corp.*, 326 Mass. 99.

If the plaintiff's allegations are true, then the stockholders of the corporation also have been damaged to the extent that the value of their stock has been diminished by reason of wrongs done the corporation. It is well settled however that a complaining stockholder may not maintain a derivative action in equity unless he himself has been injured. 13 Fletcher, Cyc. Corporations (Rev. Vol. 1961) *s.* 5948. "He sued originally because he was being injured. Otherwise he would have had no right to bring the suit." Hornstein: Legal Controls for Intracorporate Abuse, 41 Colum. L. Rev. 405, 428. Neither may he maintain his action if he has acquiesced in the wrong done the corporation, or waived his right to object thereto. *Johnson* v. *King-Richardson Co.*, 36 F. 2d 675 (1st Cir. 1930); 13 Fletcher, *supra, ss.* 5862, 5868.

The plaintiff relies upon the fact that he voted against the ratifying action taken by the stockholders, and asserts that to the extent that he participated as a director in the conduct of which he now complains, he did so in ignorance of material facts (*Therrien* v. *Maryland Cas. Co.*, 97 N. H. 180) and should now be permitted to maintain the bill.

Aside from those stockholders who have since waived their rights by withdrawing as parties plaintiff, and those as to whom the bill has been dismissed, no stockholder has joined with the plaintiff to prosecute the bill. Hence the defendants contend that the plaintiff was properly denied a right to prosecute his action, in equity, solely to enforce his own rights, in view of his express declaration under oath that he sought no damages on his own behalf.

Admittedly the corporation is now in the process of liquidation. Any recovery which might be afforded in the pending action would therefore be distributable to the stockholders; and equitably the circumstances might be thought to call for pro rata distribution among those stockholders only who had not participated or acquiesced in any wrong found to have been done. 13 Fletcher, *supra, ss.* 5953, 6028; *Samia* v. *Central Oil Co. of Worcester*, 339 Mass. 101, 122-124; *Bailey* v. *Jacobs*, 325 Pa. 187, 208; *Brown* v. *DeYoung*, 167 Ill. 549. See Developments — Multiparty Litigation, 71 Harv. L. Rev. 875, 946-950; annos. 16 A. L. R. 2d 467, 494; 167 A. L. R. 279, 298.

It cannot be said as a matter of law that the Trial Court abused its discretion in finding that equity did not require trial of the

complex issues presented by the bill solely for the purpose of determining the liability of the defendants to one who by his own sworn statement sought no compensation for damages suffered. *Johnson* v. *King-Richardson Co.,* 36 F. 2d 675 (1st Cir. 1930) *supra; Babcock* v. *Farwell,* 245 Ill. 14, 41. "There is no right to an adjudication of matters not in contention." *Conway* v. *Water Resources Board,* 89 N. H. 346, 349. As was said in *Barrett* v. *Smith,* 183 Minn. 431; 443: "Where a record shows that none of the complainants of record have any right to relief, the court cannot grant relief to those unnamed persons on whose behalf it is claimed the suit is brought." See also, *Record* v. *Trust Co.,* 89 N. H. 1, 8; *Foster* v. *Mansfield, Coldwater &c. Railroad,* 146 U. S. 88.

The order of dismissal had the effect of abating the plaintiff's action. It would constitute no bar to a bill subsequently brought to enforce a corporate right by another stockholder not disqualified to maintain it by reason of acquiescence, waiver or estoppel. *Liken* v. *Shaffer,* 64 F. Supp. 432, 442 (D. C.N. D. Iowa 1946). See *Clarke* v. *Greenberg,* 296 N. Y. 146, 149-150; *Roberts* v. *Kennedy,* 13 Del. Ch. 133. Justice therefore did not require that the plaintiff be permitted to maintain the bill merely to vindicate the rights of stockholders who might be eligible to sue, but did not choose to join as parties plaintiff. Accordingly the order is

*Exception overruled.*

All concurred.