# Herman L. Lash v. Lash Furniture Company of Barre, Inc., Ralph B. Lash, Betty B. Lash, Wallace Lash and Named Trustees

[296 A.2d 207]

No. 180-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 12, 1972

518

*Samuelson, Bloomberg & Portnow,* Burlington, for Plaintiff.

*Richard E. Davis, Esq.,* Barre, and *Free & Bernasconi,* Barre, for Defendants.

**Barney, J.** This is an action in equity relating to stock transfers and management of a corporation. It is also a family dispute involving one of the furniture stores established by the late Myron Lash of Burlington. This particular store is in Barre, and, at the time with which this equity action is concerned, three Lash brothers owned all of the voting stock of that Barre store, the Lash Furniture Company of Barre, Inc., in equal shares. Ralph Lash, one of the defendants, was one of the shareholders in the Barre store and operated it. Wallace Lash, another brother, owned a third, but had severed all Vermont connections and moved to New York City. Herman Lash, who was the third shareholder, ran the Burlington operation along with still another brother who does not figure in this litigation.

The dispute arose as a consequence of the sale, by Wallace Lash, of his stock holdings in the Barre operation. Ralph Lash was the ultimate purchaser. The transfer was challenged because of a corporate by-law requiring that any stock sold be first offered to the corporation at the proposed price. This offer was, in fact, made, but under circumstances which generated an attack on the transaction by the plaintiff.

The corporation, by vote, rejected the opportunity to purchase. Each brother had four voting shares. Wallace, as seller, did not vote. Ralph voted against purchase of the stock by the corporation and Herman voted in favor of accepting the offer. Thus, the transaction was not authorized and was lost to the corporation. This was in April or May, 1967.

In June, 1967, Ralph Lash bought Wallace's stock. This gave him effective control of the Barre corporation, since he then

held two-thirds of the voting stock. He transferred a voting share to his wife, Betty, and she became a director, succeeding Wallace.

This lawsuit seeks to reverse that acquisition of Wallace's stock. Also involved are various actions with respect to financial dealings of Ralph with the Barre corporation, including salary, bonuses, loans and interest payments, plus rentals and leasehold improvements by the corporation of property owned by Ralph and Betty. Some claims relate to the period before the Wallace stock was purchased, and some after.

Hearings to determine the facts were held for some twenty days, and the master reported his findings to the chancellor. A judgment order issued allowing some claims of the plaintiff and ordering payment to the corporation, and denying others. It also directed the assignment of the controverted stock to the corporation, in return for reimbursement to Ralph. Both sides have appealed.

The chancellor, by his judgment order, found that the facts supported a determination that Ralph Lash's fiduciary duty toward Lash Furniture Company of Barre, Inc., barred him from retaining his rights to the purchased shares of stock. Ralph disputes this ruling by pointing to a number of cases that say, in substance, that there is nothing by way of fiduciary duty, without more, that precludes officers and directors from buying and selling stock in the corporation which they direct or manage. See *e.g.*, *Securities and Exchange Com.* v. *Chenery Corp.*, 318 U.S. 80, 88–89 (1943).

This Court does not see that as the true issue. The problem originates with the vote by the stockholders and directors, they being identical in this case, to reject the purchase of Wallace's stock. The price was concededly fair, and, with admirable sensitivity for his own position as seller, Wallace did not vote on the question of purchase then before them. As has been noted, Ralph opposed it, while Herman took the opposite side.

██ Such an action falls within the condemnation of *Corry* v. *Barre Granite & Quarry Co.*, 91 Vt. 413, 418, 101 A. 38 (1917). There is a fiduciary duty in directors of corporations not to let outside commitments, personal or otherwise, divert them from their duty to further the interests

of the company they represent. The presence of competing interests may disqualify the directors from acting in a representative capacity, as the *Corry* case points out. The interest of Ralph in purchasing the stock himself conflicted with his obligation to evaluate the purchase or non-purchase of such stock from the standpoint of benefit to the corporation.

■ The facts found by the master determined that Ralph's concern with the disposition of the stock was based, not on his fiduciary responsibilities, but on his personal interests, including his desire to acquire control of the Barre corporation. This was, of course, a rejection by Ralph of the duty to decide the question on the basis of proper corporate policy. *Creed* v. *Copps*, 103 Vt. 164, 168, 152 A. 369 (1930). This finding and the other facts in the case thus, in our view, differentiate it from the circumstances of *Boss* v. *Boss,* 98 R.I. 146, 200 A.2d 231 (1964). The order requiring the transfer of the stock to the corporation is affirmed.

■■ The defendants take the position that it was error for the master to refuse to hear evidence relating to the operation of the Burlington corporation, Lash Furniture, Inc. It is urged that it would establish conduct of the plaintiff comparable to that of Ralph Lash being attacked in this suit, and show his knowledge of what was going on in Barre. The difficulty with that claim is that whatever may have been the imperfections in the Burlington operation, it is not a part of this lawsuit. Whatever rights and remedies may be enforceable by and on behalf of the Burlington corporation or its stockholders, is outside the ambit of this litigation, dealing, as it does, with a separate corporate entity. Moreover, the generalized objection to some undisclosed ruling, without specifying its application to particular evidence as offered, must be held to be unavailing on appeal. *Daigle* v. *Conley,* 121 Vt. 305, 306, 155 A.2d 744 (1959). See V.R.A.P. 28(a)(2).

After Ralph Lash had acquired the additional stock so as to control the Barre corporation, the business was moved from its old location to a building owned by Ralph and Betty Lash. The occupancy, which has continued, was without lease, with rent payable monthly. There was no corporate authority evidenced for this change, nor for the use of corporate funds to

make extensive structural and capital improvements in this property. The master also found that the rent charged for use of the building was excessive, in that it was assessed beginning in July when occupancy did not occur until October. The building was rented with heat yet, somehow, a separate charge for heat was made against the Barre corporation. These amounts aggregated to something over $45,000. and were reflected in recovery for them allowed by the chancellor against the defendants, Ralph and Betty Lash, in favor of the Lash Furniture Company of Barre, Inc.

The justification for the recovery is based upon the fact that dealings between a majority stockholder and director and the corporation he controls are not arms-length transactions. They are subject to close scrutiny at the instance of persons having an interested relationship to the operation, such as a stockholder. The relationship of a director-stockholder to his corporation binds him to use the utmost good faith and loyalty for the furtherance and advancement of the interest of that corporation. He is not permitted to make profit for himself in the transaction of the business of the corporation, against its interest. *Capital Garage Co.* v. *Powell,* 96 Vt. 145, 149, 118 A. 524 (1922).

The master, therefore, properly examined the facts in the light of the defendant Ralph and Betty Lash's fiduciary duty. Since it is clear that, under the evidence presented, impermissible advantage of the Barre corporation was taken through the terms of the rental arrangements, and with facts in support of that conclusion and of the fiscal recovery allowed, the judgment in that particular will stand.

The master found from the evidence before him that the defendant wrongfully treated corporate assets as his own for borrowing purposes, wrongfully accepted unauthorized compensation in salaries and bonuses, wrongfully used corporate funds for personal obligations and expenses and allowed irregularity in the keeping of the books and records of the Barre corporation. The measure of these various breaches of fiduciary duty were reduced to dollar figures based on the evidence in the case, and reflected in the judgment order. The evidence in the case establishes that this conduct did, in fact,

occur and supports the judgment amounts. Where the facts establish such wrongful behavior, the corporation may recover such losses by way of damages. *Hooker, Corser & Mitchell Co.* v. *Hooker*, 88 Vt. 335, 357, 92 A. 443 (1914).

The defendants seek to bar recovery based on these breaches of fiduciary duty by resort to a contention that the plaintiff, Herman Lash, does not come before the court with "clean hands." Although, in derivative suits, the direct interest of the corporation is the main concern of the court, a stockholder-litigant may be estopped from pressing a claim in favor of the corporation because of his own involvement. See Annot., 16 A.L.R.2d 467, 468–69 (1951). Waiver, acquiescence or estoppel by or against the plaintiff stockholder will bar the suit. *Bowker* v. *Nashua Textile Co.*, 103 N.H. 242, 169 A.2d 630, 633 (1961).

But this doctrine is not to be rigidly applied, or in restraint of the court's just exercise of discretion. *Precision Instr. Mfg. Co.* v. *Automotive M. Mach. Co.*, 324 U.S. 806, 815, 65 S.Ct. 993, 89 L.Ed. 1381, 1386 (1945); *Shell Oil Co.* v. *Marinello*, 120 N.J. Super 357, 294 A.2d 253, 271 (1972). The master had before him all of the evidence, and found no justification for finding as a fact any conduct that disqualified this plaintiff from maintaining this action. Indeed, given the majority position of the defendant, Ralph Lash, there was little effective action available for Herman within the corporate structure. Of necessity, his basic challenge had to be directed at the stock acquisition of Ralph, a transaction in which Herman neither participated nor ratified, but opposed. The determination that the stock transfer to Ralph was unauthorized and a wrong against the corporation carried with it an invalidation of the exercise of the voting rights of that stock. *Sarner* v. *Fox Hill, Inc.*, 151 Conn. 437, 199 A.2d 6, 9 (1964). Since the evidence supported the master's position on the facts that Herman was not barred from maintaining this suit we must accept that conclusion here. *Lane Const. Corp.* v. *State*, 128 Vt. 421, 428, 265 A.2d 441 (1970). As has already been noted, the defendants' attempts to relate Herman's alleged conduct with respect to the Burlington store to this litigation,

by way of equitable disqualification, is no more in point on this issue than it is on any other part of this suit.

In its judgment order the lower court did not make any award of counsel fees in favor of the plaintiff. This was apparently based on two considerations. The first was associated with the failure of the special master to make a finding of fact as to the reasonableness of the attorneys' fees claimed by the plaintiff. The second was the lower court's reservation of the question of whether or not this suit was a stockholder's derivative suit for appellate disposition. The plaintiff claims that this whole issue should have had disposition below, and, failing that, must be decided here or remanded for determination.

 The consequences of the litigation as resolved below and affirmed here represent a recovery for the corporation. Since this recovery was accomplished at the instance and expense of a suit brought by the plaintiff stockholder, it is clearly to be denominated a "stockholder's derivative action." 19 Am.Jur.2d *Corporations* §§ 587–590. Where such an action results in a recovery for the corporation, the stockholder suing may be awarded the reasonable value of the legal services rendered, or some appropriate portion of them. See Annot., 39 A.L.R.2d 580–585 (1955).

The determination of such an award must be based on findings involving not only the costs of the services rendered, but the reasonable value of the services actually performed and their relationship to the benefit to the corporation. Only then can the extent of the burden of such fees that can properly be allocated to the corporation, having in mind, also, its financial situation, be determined. This issue is for the trial court, based on appropriate factual findings. *Sarner* v. *Sarner*, 38 N.J. 463, 185 A.2d 851, 855 (1962). The case must be remanded for a decision on this issue.

 The plaintiff also asserts a claim for interest on certain items of damage where the master's findings either denied it or failed to award it. As was said in *Pettengill* v. *Kelton*, 124 Vt. 472, 475, 207 A.2d 245 (1965), since the damages represent a recovery for wrongful acts of the defendants, Ralph and Betty Lash, the recovery of interest was for the trier of fact, and his determination as to that issue is affirmed.

 The judgment order does contain two perpetual restraints which may become inappropriate as time passes and the situation changes. One relates to salaries payable to Ralph and Betty Lash, and the other to rent to be charged to the Barre corporation by Ralph and Betty Lash for occupancy of the premises owned by them. At all times these parties would have the burden of establishing that their remuneration and rent charges were fair and reasonable, and those payments would be subject to close scrutiny. A freezing of these charges could eventually produce a result unfair to these defendants. Justice would be as well served if the prohibition extended only so long as the disputed shares of stock remain in the names of Ralph and Betty Lash, rather than the Barre corporation. Since the matter must be remanded for a hearing as to attorneys' fees, the decree should then also be modified with respect to these prohibitions.

*Decree affirmed except as to paragraphs 5 and 8, and the cause is remanded for modification of said paragraphs of the decree in accordance with the views expressed in the opinion, and for disposition of the issue of attorneys' fees appropriate to be awarded the plaintiff.*