624 F.2d 127
 23 Fair Empl.Prac.Cas. 151,
23 Empl. Prac. Dec. P 31,036
CHICANO POLICE OFFICER'S ASSOCIATION, et al., and Refugio
Beserra et al., Plaintiffs-Appellants,
v.
Robert V. STOVER, Chief of Police, Albuquerque Police
Department et al., Defendants-Appellees.
 No. 78-1591.
 United States Court of Appeals,
Tenth Circuit.
 Argued March 13, 1980.
Decided June 17, 1980.
 
 Ray M. Vargas, Albuquerque, N. M., for plaintiffs-appellants.
 George R. Bryan, III, Albuquerque, N. M. (William L. Kraemer, Albuquerque, N. M., with him on brief), for defendants-appellees.
 Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Appellants were plaintiffs in a consolidated civil rights action that was settled before trial. After the settlement plaintiffs moved for an award of attorney's fees pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). The court denied the motion, stating that the stipulated judgment did not specify a prevailing party and did not provide for payment of attorney's fees. This appeal followed.
 
 
 2
 There are three issues we must resolve on appeal: (1) what is the standard for reviewing the trial court's action under these two statutes; (2) whether plaintiffs are a "prevailing party" within the meaning of the statutes; and (3) whether the settlement agreement is binding on the issue of attorney's fees and so precludes any award under the statutes.
 
 
 3
 This litigation has a long history. The first suit, Chicano Police Officer's Ass'n v. Stover, was filed in July 1973. It alleged claims under 42 U.S.C. §§ 1981, 1983, 1985, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., for employment discrimination against Spanish-surnamed Americans by the Albuquerque Police Department in hiring and promotion of police officers. An injunction and damages were requested. Following presentation of plaintiffs' evidence, the district court dismissed this suit, holding that plaintiffs did not have standing to challenge hiring policies and had failed to establish a prima facie case of discrimination in promotion. This Court, in Chicano Police Officer's Ass'n v. Stover, 526 F.2d 431 (10th Cir. 1975), vacated the judgment and remanded, ruling that plaintiffs had standing to contest hiring policy and that the trial court imposed too great a burden on plaintiffs regarding the promotion issue. The Supreme Court granted certiorari and remanded the case for reconsideration in light of Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Stover v. Chicano Police Officer's Ass'n, 426 U.S. 944, 96 S.Ct. 3161, 49 L.Ed.2d 1181 (1976). Subsequently, this Court remanded again to the district court for findings on discriminatory intent. Chicano Police Officer's Ass'n v. Stover, 552 F.2d 918 (10th Cir. 1977).
 
 
 4
 The second suit, Beserra v. Stover, was filed in March 1974 as a class action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The class was never certified. The two cases were consolidated for trial in March 1978.
 
 
 5
 On May 15, 1978, the parties agreed to a stipulated judgment requiring the City (1) to pay $8,000 to Beserra and $8,000 to the Chicano Police Officer's Association; (2) to meet an affirmative action goal of 34% Spanish-surnamed Americans in the police department by July 1, 1981; (3) to complete an affirmative action internal audit of the police department; (4) to correctly revalidate the present testing procedures for promotion; (5) to assign a Chicano police officer to the police academy; and (6) to expand department language and cultural awareness training. The City made no admission of liability, and there was no designation of plaintiffs as prevailing parties. Plaintiffs agreed to dismiss the suits with prejudice, subject to any cause of action for breach of the stipulated agreement. Attorneys' fees were not mentioned.
 
 
 6
 * The provision for attorneys' fees in actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k) states,
 
 
 7
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 
 
 8
 A similar provision added to 42 U.S.C. § 1988 in 1976[1] applies to cases under other Civil Rights Act sections, including 42 U.S.C. §§ 1981, 1983, 1985, and 2000d et seq., and states, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[2]
 
 
 9
 Although in plain language these statutes declare that the award of attorneys' fees is within the court's discretion, most courts considering these and similar civil rights statutes have held the scope of discretion is quite narrow. In Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), the Supreme Court refused to hold that under 42 U.S.C. § 2000a-3(b)[3] attorneys' fees should be awarded only when defendant acts in bad faith. Emphasizing the important policy behind the Civil Rights Act of encouraging plaintiffs to act as private attorneys general, the Court declared that "one who succeeds in obtaining an injunction under that Title (II) should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. at 402, 88 S.Ct. at 966.
 
 
 10
 Later, in Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), the Supreme Court stated in dictum, "There is, of course, an equally strong public interest in having injunctive actions brought under Title VII, to eradicate discriminatory employment practices. But this interest can be vindicated by applying the Piggie Park standard to the attorneys' fees provision of Title VII, 42 U.S.C. § 2000e-5(k) . . . ." Id. at 415, 95 S.Ct. at 2370 (emphasis in original). Cf. Northcross v. Board of Educ., 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (applying same standard under § 718 of Emergency School Aid Act of 1972).
 
 
 11
 Many circuits have recognized that the Piggie Park standard applies to attorneys' fees awards under Title VII. See, e. g., Parker v. Califano, 561 F.2d 320, 330-31 (D.C. Cir. 1977); Carrion v. Yeshiva Univ., 535 F.2d 722, 727 (2d Cir. 1976) (dictum); Lea v. Cone Mills Corp., 438 F.2d 86, 88 (4th Cir. 1971) (reversing district court's denial of fees). See also Pearson v. Western Elec. Co., 542 F.2d 1150, 1153 (10th Cir. 1976) (prevailing party entitled to recover attorneys' fees).
 
 
 12
 As shown in the legislative history of section 1988, Congress not only incorporated the Piggie Park standard into this section, but indicated approval of this standard for all Civil Rights Act fee provisions.
 
 
 13
 It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by S. 2278, if successful, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (88 S.Ct. 964, 966, 19 L.Ed.2d 1263) (1968).
 
 
 14
 S.Rep. No. 1011, 94th Cong., 2d Sess. 4, reprinted in (1976) U.S.Code Cong. & Admin.News pp. 5908, 5912. Other circuits have recognized Congress's narrow grant of discretion under section 1988. See, e. g., Dawson v. Pastrick, 600 F.2d 70, 78 (7th Cir. 1979) (settlement case, reversing denial of fees by district court); Bonnes v. Long, 599 F.2d 1316, 1318 (4th Cir. 1979) (same); Wharton v. Knefel, 562 F.2d 550, 557 (8th Cir. 1977). We hold the Piggie Park standard is to be applied in awarding fees under sections 1988 and 2000e-5(k).[4]
 
 
 15
 The district court apparently refused to award attorneys' fees here (1) because it believed plaintiffs were not prevailing parties since they were not designated as such in the agreement, and (2) because the settlement agreement was silent on the subject of fees, from which it inferred an intent to preclude an award. For the reasons stated below we hold these two factors do not necessarily preclude the application of the statutes. On remand, if the settlement meets the standards discussed hereafter the court should make an award of attorneys' fees unless it finds special circumstances that would make such an award unjust.
 
 II
 
 16
 Defendant argues that plaintiffs cannot be "prevailing" parties because they never received a court decision on the merits of the discrimination claim, the settlement agreement does not designate a prevailing party or contain any admission of fault by defendant, and the $16,000 plaintiff received was de minimus in view of what the back pay award might have been. Further, the City says the sum paid was about what a legal defense would have cost it and was paid only to end a lengthy and disruptive lawsuit, not as compensation on the merits. We believe defendant's view of what constitutes a prevailing party is too narrow.
 
 
 17
 A court determination of the merits is not required for plaintiff to be found the prevailing party.[5] The legislative history of section 1988 states, "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep. No. 1011, 94th Cong., 2d Sess. 5, reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5912.
 
 
 18
 In several cases circuit courts have reversed denials by a trial judge of attorneys' fees in civil rights actions after settlement and when apparently nothing was said in the stipulated judgment concerning entitlement. See Dawson v. Pastrick, 600 F.2d 70 (7th Cir. 1979); Bonnes v. Long, 599 F.2d 1316 (4th Cir. 1979); Brown v. Culpepper, 559 F.2d 274 (5th Cir. 1977). We think the standard to be applied in determining whether a plaintiff is a "prevailing party" in such cases is relatively clear.
 
 
 19
 Nuisance settlements, of course, should not give rise to a "prevailing" plaintiff. See Parker v. Matthews, 411 F.Supp. 1059, 1064 (D.D.C.1976), aff'd sub nom. Parker v. Califano, 561 F.2d 320 (D.C.Cir. 1977). But if a settlement provides some benefit to plaintiffs or some vindication of their rights, then the congressional intent to encourage private enforcement of civil rights, see S.Rep. No. 1011, supra at 5, will be furthered by the awarding of fees. This is true even when both sides lose something and gain something, resulting in a "draw," as long as plaintiffs have received substantial benefits. See Dawson v. Pastrick, 600 F.2d 70, 78-79 (7th Cir. 1979). Therefore, the court must determine whether the basic objectives plaintiffs seek from the lawsuit have been achieved or furthered in a significant way. See Bonnes v. Long, 599 F.2d 1316, 1319 (4th Cir. 1979).
 
 
 20
 In addition, plaintiffs' conduct, as a practical matter, must have played a significant role in achieving the objective. In Aspira of New York, Inc. v. Board of Educ., 65 F.R.D. 541 (S.D.N.Y. 1975), cited with approval in the legislative history quoted above, the court awarded attorneys' fees under the Emergency School Aid Act, 20 U.S.C. § 1617, to plaintiffs after a consent decree had been entered. The court found plaintiffs had prevailed, the Board's good faith and "agreement" notwithstanding, because "the 'compliance' achieved in this case would not have happened, certainly not as early or as thoroughly as it has, without the initial and continued impact of plaintiffs' action." 65 F.R.D. at 544. This causation can be the initial catalyst in producing action, or can be the constant prodding that motivates a defendant to go further than it otherwise would have.
 
 
 21
 Whether these two elements, achievement of sought-after benefits and causation, are present is a determination that should be made by the trial judge, considering the facts of each situation. To the extent the trial court here ruled plaintiffs were not the prevailing party because the stipulated judgment failed to so provide, it applied the wrong legal standard. We therefore remand for a determination whether under the criteria set forth above plaintiffs have prevailed. On remand the court should note the latest pronouncement by the Supreme Court in Hanrahan v. Hampton, --- U.S. ----, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).
 
 III
 
 22
 We now turn to the final issue whether the stipulated judgment is binding on the issue of attorneys' fees. Defendants argue that the judgment is a final and full settlement of all claims between the parties, and that plaintiffs' attempt to secure attorneys' fees is an attempt to change or set aside the agreement.
 
 
 23
 The stipulated judgment does not mention attorneys' fees. All it contains is a simple recital of certain promises by the City, on one hand, and plaintiffs' promise to dismiss the actions, on the other. There is no indication what the $16,000 to be paid to plaintiffs was intended to cover.
 
 
 24
 In the absence of a statutory entitlement to fees, it seems clear that a settlement agreement which does not provide for their payment should foreclose a party's claim for additional recovery; such fees are not recoverable anyway under the usual American rule. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The instant case is different, however; there is a statutory provision for awarding fees, and the importance of awarding attorneys' fees in making private enforcement of the Civil Rights Act possible has been consistently emphasized. Nevertheless, this is not one of those situations in which Congress has prohibited settlements covering payment of attorneys' fees. Therefore, plaintiffs can give up their statutory entitlement to fees as part of the settlement arrangement.
 
 
 25
 The settlement agreement here is at best ambiguous; the $16,000 payment could be construed as a settlement of all that is to be paid to plaintiffs and their attorneys. That is one of the questions to be determined on remand. The trial judge should conduct an evidentiary hearing on whether attorneys' fees were discussed and intended to be covered by the cash settlement. If not, the court should consider whether plaintiffs took actions to mislead defendant or otherwise were responsible for "special circumstances" which would make an attorneys' fees award in their favor inequitable under the Piggie Park standard. If there was no agreement and no such conduct by plaintiffs, the court, without setting aside the settlement, should award attorneys' fees to plaintiffs, assuming it finds they prevailed under the standards above discussed, in order to carry out the congressional policy expressed in the Civil Rights Act.
 
 SETH, Chief Judge, dissenting:
 
 26
 I must dissent from the position expressed by the majority opinion. The appellant is seeking, in substance, to set aside a stipulated judgment which was followed by an agreed dismissal with prejudice.
 
 
 27
 The parties had negotiated a settlement of these lengthy suits, and had agreed on the action to be taken by both parties to conclude the dispute. The problems had already been resolved for the most part, but the parties had agreed and the stipulated judgment and dismissal were entered. Thereafter the appellant commenced this proceeding by a motion for attorney fees.
 
 
 28
 The appellant asserts that the matter of attorney fees was not discussed during the negotiations leading to the settlement and the appellee does not contradict this assertion. Thus for our purposes on this appeal the agreement to the judgment and to the dismissal order were made without a discussion of fees. The attorney fees claimed by the appellant are upwards of $45,000 and thus are nearly three times the dollar settlement in the judgment. It is difficult to see how such a relatively large amount arising from an element not discussed at all can be added to the settlement obligation of one party without doing violence to the agreement of the parties.
 
 
 29
 Attorney fees have become an integral part of litigation of this kind and are not an outside unrelated matter. They are part of the basic cause of action and certainly part of the elements going into the valuation of the suit for settlement purposes.
 
 
 30
 Agreed judgments and consent decrees are agreements to be construed as contracts. United States v. ITT Continental Baking Company, 420 U.S. 223, 95 S.Ct. 926, 43 L.Ed.2d 148; United States v. Fallbrook Public Utility District, 347 F.2d 48 (9th Cir.). If the judgment here concerned is to be altered to the degree requested by the appellant, the agreement should be reopened to give an equal opportunity to both parties to consider the large new ingredient.
 
 
 31
 The fact that attorney fees may be authorized by statute does not mean that they must override the ordinary rules of contract law nor override a judgment entered by the trial court. The dispute and the lawsuits were terminated by a mutual agreement and should not be reopened for the benefit of one side only without mutual consent.
 
 
 32
 The appellant does not urge that there was a mistake of any sort or that the judgment was void. Silence cannot be enough to set aside the agreement. In V. T. A., Inc. v. Airco, Inc., 597 F.2d 220 (10th Cir.), we held that to prevail on appeal of a 60(b) motion an abuse of discretion standard must be applied. See also Wilkin v. Sunbeam Corporation, 466 F.2d 714 (10th Cir.). This obviously is not a direct attack on the judgment as was considered in the cited cases, but the consequences are very much the same and similar standards should apply.
 
 
 33
 It should also be noted that the fees and costs become a part of the judgment. A judgment has been entered and the motion is thus to amend the judgment to add a new element. It is obvious that the usual practice is to include costs in judgments already entered, and entry of judgment under the rules is not to be delayed for costs, but we are here concerned with a judgment wherein the elements have been agreed upon. The addition of fees is thus a matter not contemplated by the agreement as contrasted with a judgment entered by the court after trial.
 
 
 34
 The majority opinion also directs that on remand if it develops that the attorney fee issue was discussed but the fees not included in the cash payments the court should award fees. This position would preclude the parties from assuming their own fees in a settlement such as this. Again, the fact that fees are authorized should not assume such importance as to overcome accepted methods for settlement and overshadow the merits.
 
 
 35
 I would affirm the judgment of the trial court.
 
 
 
 [1]
 This provision can be applied retroactively to cases pending when the Act went into effect on October 1, 1976. H.R.Rep. No. 1558, 94th Cong., 2d Sess. 4 n.6 (1976). See Hutto v. Finney, 437 U.S. 678, 694 n.23, 98 S.Ct. 2565, 2576, 57 L.Ed.2d 522 (1978); Dawson v. Pastrick, 600 F.2d 70, 78 (7th Cir. 1979)
 
 
 [2]
 Because the language and the policy behind these two statutes is identical on issues pertinent to this appeal, we will not separately analyze sections 1988 and 2000e-5(k)
 
 
 [3]
 42 U.S.C. § 2000a-3(b) states,
 In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person.
 
 
 [4]
 Defendants cite cases that apply an ordinary abuse of discretion standard to trial court awards of attorneys' fees under section 2000e-5(k). See, e. g., Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268 (10th Cir. 1975); Evans v. Sheraton Park Hotel, 503 F.2d 177, 187 (D.C. Cir. 1974). Because these cases deal with whether the amount of the award is reasonable, not whether attorneys' fees should be awarded in the first instance, they are inapposite here
 
 
 [5]
 If there is a court determination on the merits against plaintiff, we have held this will prevent the award of attorneys' fees regardless of any positive effect the lawsuit has. See Taylor v. Safeway Stores, Inc., 524 F.2d 263, 273 (10th Cir. 1975). See also Pearson v. Western Elec. Co., 542 F.2d 1150, 1153 (10th Cir. 1976) (even though plaintiff "won" on the merits in a separate arbitration proceeding, attorneys' fees not awarded because plaintiff did not prevail in the court action)