# Margery Anderson, Administratrix of the Estate of Earl D. Miner, Sr. v. State of Vermont, Cornelius D. Hogan, Jr., Ruth B. Samuels and Michael Chater

[518 A.2d 360]

No. 83-550

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 6, 1985

Motion for Reargument Denied October 10, 1986

*Smith Harlow & Liccardi, P.C.*, Rutland, for Plaintiff-Appellant.

*Patricia E. Belinowiz* and *Liza Chalidze* of *Dick, Hackel and Hull*, Rutland, for Defendant-Appellee State.

*Allen R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendants-Appellees Hogan, Samuels, and Chater.

**Barney, C.J.** (Ret.), Specially Assigned. The plaintiff administratrix having settled a civil rights action brought by Earl D. Miner, Sr., now deceased, moved for a separate award of attorney's fees. 42 U.S.C. § 1988 authorizes the recovery of reasonable attorney's fees in actions brought under 42 U.S.C. § 1983, as this one was. Recovery is discretionary with the trial court, and, after hearing and findings in the superior court the award was refused. This appeal followed. We affirm.

 Attorney's fees, in American practice, are not awarded as part of recovery without special legal authority or as a matter of contract. *Gramatan Home Investors Corp.* v. *Starling,* 143 Vt. 527, 535-36, 470 A.2d 1157, 1162 (1983); see also *Lash* v. *Lash Furniture Co. of Barre, Inc.,* 130 Vt. 517, 524, 296 A.2d 207, 212 (1972). They may or may not be discretionary, and are ordinarily assessed as a part of damages or costs. Although they are an integral and authorized part of the recovery in the principal litigation, as the cases cited above demonstrate, it is usual for them to be separately evidenced and found after the determination of recovery in the main case. There is no law in Vermont attributing to this separate computation any special concern that might have the effect of keeping such fees outside the terms of any compromise or settlement agreement not specifically dealing with them.

The position of the plaintiff in this case is that attorney's fees recovered under 42 U.S.C. § 1988 are different; that such fees are not disposed of by settlement of the underlying litigation unless it is affirmatively so stated; and that the burden of making clear that attorney's fees are included in any negotiated settlement falls upon those in the shoes of the defendants in this case. That such fees can be the subject of settlement negotiations is apparent from *White* v. *New Hampshire Department of Employment Security,* 455 U.S. 445, 453-54 n.15 (1982).

■ In the usual situation a settlement agreement between the parties disposes of the entire litigation because the release given is a contract, barring recovery of all or any part of the claim, unless something in its terms indicates a contrary intention in the parties. *Economou* v. *Economou,* 136 Vt. 611, 619, 399 A.2d 496, 500 (1979). Such compromises of disputed liability by parties fully cognizant of the facts and issues are not only valid, but favored as a matter of public policy. *Smith* v. *Munro,* 134 Vt. 417, 420, 365 A.2d 259, 262 (1976).

The issues can be better understood in the presence of the facts. The original plaintiff, Earl D. Miner, Sr., in a suit against the Department of Corrections, obtained a decision that his confinement on conviction by plea to second degree murder was illegally prolonged beyond the sentence imposed by 105 days of illegal incarceration and ten months of illegal additional parole. *Miner* v. *Chater,* 137 Vt. 330, 403 A.2d 274 (1979).

Seeking additional redress, he initiated this suit under the Federal Civil Rights Act, 42 U.S.C. § 1983, claiming damages of one million dollars, and joining the State of Vermont, the Commissioner of Corrections—Cornelius Hogan, Jr., the state employee who computed his illegal sentence—Ruth Samuels, and the superintendent of the prison where he was confined—Michael Chater. Within six months Earl Miner died and his administratrix was substituted as plaintiff.

■ The case against the State of Vermont was dismissed before trial on an untenable ground, and the plaintiff seasonably moved for vacation of the dismissal and reinstatement of § 1983 claim against the State. Before the motion could be heard, a settlement with respect to all parties was reached. Once the settlement, amounting to $3500.00, had been paid over, the plaintiff moved for a separate award of attorney's fees. 42 U.S.C. § 1988 permits a court, in its discretion, to allow a prevailing party (other than the United States) a reasonable attorney's fee as part of the costs in a 42 U.S.C. § 1983 action, among others. The motion in this case asked for fees of $6405.39.

Both sides agree that the negotiations that eventuated in the $3500.00 settlement began with an offer from a representative of the defendant State of Vermont to settle the litigation for that $3500.00 figure. The offer made no allocations and did not mention attorney's fees. The plaintiff, through her attorneys, responded by letter with a counteroffer of $12,000.00, of which

$3383.50 was to represent attorney's fees to that date. The defendant's representative informed plaintiff's counsel that $3500.00 was a final offer and not a nickel more would be paid.

At this point the parties entered into a stipulation of settlement for $3500.00 without any discussion of whether or not attorney's fees were included. Counsel for plaintiff then drafted the release signed by the plaintiff-administratrix, executed the stipulation for dismissal "with prejudice," and cashed the settlement check which carried the notation, "in full and final settlement."

The trial court found as a fact the following specific language of the release executed by the plaintiff-administratrix:

> AND WHEREAS, said State of Vermont, Cornelius D. Hogan, Jr., Ruth B. Samuels and Michael Chater deny all such or any liability in the premises and the parties desire and have agreed to compromise, adjust and settle the said matters in dispute between them for the sum of $. . . . . . .
>
> NOW THEREFORE, in consideration of said sum, the receipt of which is hereby acknowledged, I, the undersigned Administratrix, do hereby release and forever discharge the State of Vermont, Cornelius D. Hogan, Jr., Ruth B. Samuels and Michael Chater of and from the aforesaid causes of action for deprivation of liberty in violation of the United States Constitution and amendments thereto and for false imprisonment, and of and from any other cause of action of every kind and description which against said State of Vermont, Cornelius D. Hogan, Jr., Ruth B. Samuels and Michael Chater said deceased Earl Miner, Sr., if living would have or I as Administratrix have had, now have or may hereafter have wither [sic] for the benefit of the Estate or next of kin of said deceased by reason of said circumstances, or any cause, matter or thing whatsoever up to the date hereof.

The trial court found that this release was a bar to an award of attorney's fees. Taking the express provisions of the release and the stipulation of dismissal with prejudice together, the trial court determined that the settlement of the dispute was final and that the plaintiff was governed by the terms of the release. The court went on to find: "Plaintiff's alleged intent to except attorney's fees from the terms of the release is in no way apparent from the

language of the release itself and is in fact in direct conflict with the inclusive language employed therein."

■ These determinations of the trial court are supportable. We emphasize them in lieu of other support present to sustain the result reached below because these findings deal with a document prepared by plaintiff's attorney. He faults the defendant's agent for not stating in the stipulation that attorney's fees were included in the settlement. How hollow that rings in the face of the document the plaintiff's attorney prepared dealing with all of the issues encompassed in the settlement. If it was a bona fide term of the settlement that attorney's fees were reserved, what justification exists for not saying so in the release? If that reservation was not the fact, the trial court and this Court are both justified in so reading the release. Here, certainly, there is not the slightest basis for departing from the canon construing doubtful language of a written instrument against the draftsman. *Page* v. *Lyle H. Hall, Inc.,* 125 Vt. 275, 279, 214 A.2d 459, 463 (1965). Any other issues sought to be raised by the plaintiff in this appeal are entirely overborne by this consideration and will not be considered, especially since they are not supported in law.

The defendants' prayer for attorneys' fees is denied as a matter of discretion. 42 U.S.C. § 1988.

*Judgment affirmed.*

## On Motion for Reargument

**Barney, C.J.,** (Ret.), Specially Assigned. Plaintiff's motion for reargument, filed pursuant to V.R.A.P. 40, is denied.

Plaintiff offers two grounds for reargument. One ground is merely a request "that final disposition of the cause be delayed until the United States Supreme Court hands down its decision in *Evans* v. *Jeff D.,* ___ U.S. ___, 106 S. Ct. 1531 (1986)." Referring to the *Jeff D.* case, plaintiff candidly admits that it "in all likelihood will determine whether the defendant's conduct in this case was valid." The "conduct" to which the motion refers, according to plaintiff's characterization of it, involved a demanded waiver of the availability of attorney's fees under 42 U.S.C. § 1988 in return for a $3500 settlement on a 42 U.S.C. § 1983 cause of action.

Plaintiff's request—for us to delay action and await another court's decision—is not a correct use of V.R.A.P. 40. A motion

under Rule 40 must state "points of law or fact" which the Court purportedly "has overlooked or misapprehended." V.R.A.P. 40. Reference to a case yet to be decided does not state an adequate basis for reargument.*

Since, however, plaintiff's second ground for reargument does adequately (albeit unsuccessfully) invoke Rule 40, the motion is properly before us. Plaintiff contends that when settlement agreement documents are silent as to attorney's fees, the settlement does not resolve the question of such fees. In support of this assertion, plaintiff insists that this Court has overlooked a body of federal case law, applying 42 U.S.C. § 1988, which supports her position. The cases cited do not support the principle which plaintiff appears to attribute to them. They do not construe § 1988 to bar a subsequent claim for attorney's fees when a settlement agreement fails to cover attorney's fees expressly.

Even the two cases which come closest to supporting plaintiff's argument fall short of the mark. In *Chicano Police Officer's Association* v. *Stover,* 624 F.2d 127 (10th Cir. 1980), the settlement did not mention attorney's fees. It was "at best ambiguous." *Id.* at 132. The circuit court remanded the matter, stating: "The trial judge should conduct an evidentiary hearing on whether attorneys' fees were discussed and intended to be covered by the cash settlement." *Id.* Plaintiff has had her evidentiary hearing; the Tenth Circuit's *Stover* opinion offers little support for her argument.

In another case which plaintiff invokes, *El Club Del Barrio, Inc.* v. *United Community Corp.,* 735 F.2d 98, 100 (3d Cir. 1984), the circuit court stated that it did not "think that the significance of silence [as to attorney's fees in settlement agreements] should be determined by an examination of extrinsic evidence such as the course of negotiations." To avoid the recurring need to have district courts inquire into the course of negotiations, the Third Circuit Court of Appeals adopted a procedural rule. See *id.* at 101 n.3 (circuit court refers to "our rule that waiver [of attorney's fees] must be made explicit" in the settlement agreement). We

---

* We note, however, that while we have been considering plaintiff's motion, the United States Supreme Court has decided the *Jeff D.* case in a manner unfavorable to plaintiff's position here. The court concluded that 42 U.S.C. §§ 1983 and 1988 do not bar either simultaneous negotiation of the merits and attorney's fees or an offer of relief on the merits made contingent on waiver of attorney's fees. *Evans* v. *Jeff D., supra,* ___ U.S. at ___, 106 S. Ct. at 1540-43.

read the *El Club Del Barrio* case as applying that Third Circuit rule rather than as a mandate of 42 U.S.C. § 1988.

Simply stated, § 1988 provides no simple, all-encompassing rule of law to apply when the papers documenting a settlement fail to mention attorney's fees. Rather, the question is a factual one: What did the parties intend? *Brown* v. *General Motors Corp.,* 722 F.2d 1009, 1012 (2d Cir. 1983).

■ This means our role in the present case has been a narrow one. The Rutland Superior Court found that, reasonably interpreted, the settlement negotiations and agreement contemplated that the release would encompass attorney's fees. Although plaintiff disputes this, the record before us reveals a sufficient factual basis for the court's findings. We cannot set aside a trial court's findings of fact unless they are clearly erroneous. V.R.C.P. 52; *Brouha* v. *Postman,* 145 Vt. 449, 451, 491 A.2d 1038, 1039 (1985). Applying that standard to the record before us, we see neither an error in the Rutland Superior Court's order, nor an oversight or mistake in our opinion.

*The motion for reargument is denied.*