MILLS, Judge.
McIntyre appeals from an order denying him attorney’s fees. We reverse.
McIntyre filed a complaint against the Town of Cedar Grove and James Lindsey, a *889 police officer, for false arrest and imprisonment pursuant to Title 42, U.S.C., Section 1983. At a pretrial conference, Cedar Grove was dismissed without prejudice as a defendant.
Following this, Lindsey made an offer of judgment in the amount of $1,501.00. This offer also included taxable costs and a reasonable attorney’s fee, accrued to the date of the offer. McIntyre accepted the settlement offer and a hearing was then held on the issue of a reasonable attorney’s fee.
In an order dated 7 May 1985, the trial court denied the award of attorney’s fees finding that since McIntyre’s initial damage claim was in excess of one million dollars and his initial offer to settle was for $25,000.00, the acceptance by his counsel of Lindsey’s first and only settlement offer of $1,500.00 did not provide him with a benefit so as to allow him to be deemed a “prevailing party”; thus, he was not entitled to an award of attorney’s fees. This timely appeal followed.
Rule 1.442, Fla.R.Civ.P., provides in part that a party may allow judgment to be taken against him “to the effect specified in his offer,” and if his offer of judgment is. accepted within ten days by the opposing party, a judgment thereupon shall be entered by the court.
The offer of judgment in the present case reads as follows:
Pursuant to Rule 1.442, Florida Rules of Civil Procedure, Defendant, James Lindsey and the Town of Cedar Grove, Florida, hereby offer to allow the Plaintiff, Donald C. McIntyre, to claim judgment in the total amount of $1,501.00, together with taxable costs and a reasonable attorney fee accrued to date. If this offer is not accepted within ten days from its date of service, it shall be deemed refused and therefore withdrawn.
The most recent case to state the legal effect of an offer of judgment and its acceptance is BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985). In this case, the Fourth District held as follows:
A judgment entered pursuant to Rule 1.442, Florida Rules of Civil Procedure, may properly be analogized to consent judgment, which is in the nature of a contract. As such, the construction of a Rule 1.442 judgment should be governed solely by the language employed by the parties if it is without ambiguity....
The language in the offer of judgment in the instant case is very clear. It calls for the payment of reasonable attorney’s fees; accordingly, it was error for the trial court to deny such an award. It is apparent from the trial court’s order that it viewed Lindsey’s offer as a “nuisance settlement,” which did not raise McIntyre to the level of a “prevailing plaintiff” so as to justify an award of attorney’s fees under 42 U.S.C. Section 1988. See, Chicano Police Officer’s Association v. Stover, 624 F.2d 127 (10th Cir.1980). Had Lindsey not provided for attorney’s fees in his offer and McIntyre sought to obtain them pursuant to Section 1988, this action would have been proper and within the court’s discretion. However, in the present case the language in the offer of judgment was controlling and the court did not have the discretion to override it.
REVERSED.
SMITH and THOMPSON, JJ., concur.