RAVENWOOD ESTATES, INC. v.
Karen MASON

[590 A.2d 884]

No. 90-170

March 18, 1991. Plaintiff is the owner of a mobile home park in Bennington and appeals from an order that attorney's fees incurred in the course of the eviction of defendant were not "costs" to be borne by defendant within the meaning of 12 V.S.A. § 4773. We affirm that order, but on cross-appeal we reverse the court's order directing that defendant pay rent into court during the pendency of an appeal pursuant to 12 V.S.A. § 4853a.

According to the stipulated facts, the court entered judgment in the eviction action in favor of plaintiff for $680 in rent arrears and $62.70 in costs and sheriff's fees. A judgment was also entered in plaintiff's favor for $907.50 in attorney's fees, but the court allowed redemption of the tenancy under § 4773 without requiring payment of the attorney fee judgment, since the court ruled that statutory costs did not include such fees. The court was correct. *In re Gadhue*, 149 Vt. 322, 544 A.2d 1151 (1987); *State v. Champlain Cable Corp.*, 147 Vt. 436, 520 A.2d 596 (1986). Plaintiff's reliance on *Anderson v. State*, 147 Vt. 394, 395, 518 A.2d 360, 360–61 (1985), is misplaced. We held in that case that *when* attorney's fees are awarded, they are assessed as a part of "damages or costs." We did not imply that a statute requiring payment of costs, but not mentioning attorney's fees, includes the latter within the former.

However, the court erred in requiring defendant to pay her rent into court during the pendency of this appeal, since § 4853a abates that requirement when the eviction pro-

ceeding is discontinued. Nor is the trial court correct in its reasoning that discontinuing payments into court pending the outcome of the appeal deprives the plaintiff of rental payments guaranteed by the statute. The eviction was discontinued when defendant paid the rent arrears and costs into court. At that time defendant was no longer a "tenant [who] is obligated to pay rent and has failed to do so" within the meaning of 12 V.S.A. § 4853a(d).

*The trial court's order with respect to costs is affirmed, and the order requiring payment of rent into court is reversed.*