61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debra JONES, Vaughn Jones, Plaintiffs - Appellants, Cross - Appellees,
v.
COUNTY OF LOS ANGELES, Kelly Enos, Defendants - Appellees,
Cross - Appellants.
 Nos. 93-56027, 93-56209, 93-56311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided July 25, 1995.
As Amended on Denial of Rehearing Sept. 6, 1995.
 
 1
 Before: LAY*, BRUNETTI, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Debra and Vaughn Jones appeal the district court's determination of the award of attorney's fees and dismissal of their pendent state law claims. Kelly Enos and the County of Los Angeles cross-appeal. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Based on its extensive findings of fact, including the vagueness and unreliability of the time records submitted and the quality of representation afforded,[1] the district court properly reconstructed compensable hours de novo and did not abuse its discretion in reducing the number of hours to 250. This was not a complicated case. $500,000 damages were sought from the officer and the jury awarded $2500; the bifurcated action against the county was settled for $17,500. No broader relief was part of the disposition.
 
 
 5
 The district court also fixed counsel's hourly rate at $90, based on the going rate for associate-level work in civil rights cases, in the same community, at about the same time, as reported in Gomez v. Gates, 804 F. Supp. 69 (C.D. Cal. 1992). But no judicial notice of these rates was taken, and since the minimum hourly rate for which there is support in the evidence is $110 per hour, calculating the lodestar at a $90 hourly rate was clearly erroneous.
 
 
 6
 This makes no difference, however, as the total award of $22,500 is reasonable under Farrar v. Hobby, 113 S. Ct. 566 (1992). "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without ... multiplying 'the number of hours reasonably expended ... by a reasonable hourly rate[.]"' Id. at 575 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Because the degree of success obtained is the most critical factor in determining the reasonableness of a fee award, Farrar, 113 S. Ct. at 574, we cannot say the ultimate award was unreasonable. The jury award was minimal and the settlement was not substantial. See Texas State Teachers Assoc. v. Garland Indep. School Dist., 489 U.S. 782, 792 (1989) (citing Chicano Police Officer's Assoc. v. Stover, 624 F.2d 127, 131 (10th Cir. 1980) ("nuisance settlements, of course, should not give rise to a 'prevailing' plaintiff"). We therefore affirm the fee award.
 
 II
 
 7
 The court did not abuse its discretion in dismissing the Joneses' claims for battery, negligence, intentional infliction of emotional distress, the false imprisonment before trial. Miller v. Lovett, 879 F.2d 1066 (2nd Cir. 1989), upon which they rely, involved only the use of force whereas this case primarily involved illegal detention and unlawful search. In these circumstances, the court could conclude that trying a number of claims with different elements would be confusing and predominate over the federal claim. 28 U.S.C. Sec. 1367(c)(2).
 
 III
 
 8
 Enos argues that the district court erred in not directing a verdict in his favor on the unlawful property search claim because, he contends, that search was permissible as a matter of law under Michigan v. Long, 463 U.S. 1032 (1983), once the jury determined that the Terry stop, frisk, and detention of the Joneses was lawful. Although it is generally true that facts sufficient to justify a Long search of the passenger compartment of a car, that is not necessarily the case. For example, the jury could have determined that while Enos's actions were initially justified, he no longer had an "objectively reasonable belief that the suspect[s] were potentially dangerous," Long at 1051, by the time he conducted the search of their property. The court did not err in declining to direct a verdict or grant a J.N.O.V. on the Joneses' property search claim.
 
 IV
 
 9
 The jury's award of $500 to Vaughn and $2000 to Debra Jones on their claims for improper property searches is supported by evidence of lost income from contracting work Vaughn missed, Debra's medical bills and pain, and the couple's emotional distress. Even though the frisking and detention of the Joneses may have been the primary cause of their damages, we can't say that the search of their property caused none of them. Carey v. Piphus, 435 U.S. 247 (1978), which held that absent proof of actual damages, only nominal damages of $1 could be awarded for a Sec. 1983 claim, is therefore inapposite. The award must stand.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The court analyzed the request in light of the Kerr factors, Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), and the obligation to exclude hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992)